## The Riddlesburg Iron and Coal Co. *versus* Rogers.

1. The court below affirmed this point: "That while the marks on the ground, as a general rule, constitute the true survey, such marks must be in accordance with the bearings, as near as may be, of the survey returned into the land office, and have some resemblance thereto." *Held*, to be error.

2. The marks on the ground constitute the official survey; the draft is but the evidence of it and will be controlled by them.

3. Courses and distances are controlled by calls and marks.

4. The work on the ground is the original.

5. The uniform practice is to send out with the jury all title-deeds and papers given in evidence on the trial, unless there be a very special reason to the contrary.

May 11th 1870.  Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Bedford county* : No. 28, to May Term 1870.

This was an action of ejectment for 11 acres of land, commenced, December 14th 1864, by William Rogers against The Riddlesburg Coal and Iron Company.

The plaintiff claimed under a warrant to himself, dated November 30th 1854, and survey January 3d 1855, returned February 1st 1855, for 11 acres and 42 perches.

The defendants claimed under a warrant, March 13th 1794, to Francis Mowing ; survey April 25th for 380 acres and 147 perches.  Deed December 23d 1807, Mowing to Samuel Riddle, and patent to Riddle February 9th 1808.  The question in the case was, whether the survey of the plaintiff was within the lines of the Mowing survey.  There was much evidence (including the official survey) on both sides as to the lines, which, for an understanding of the questions decided, it is not necessary to particularize.

The plaintiff requested the court to instruct the jury :—

2. That the defendants cannot embrace the land in dispute by running lines not called for by, and totally distinct from, the survey, enclosing a tract widely different in shape from, and including a much larger quantity of land than is contained in the survey returned into the land office. .

3. That while the marks on the ground, as a general rule, constitute the true survey, such marks must be in accordance with the bearings, as near as may be, of the survey returned into the land office, and have some resemblance thereto.

4. That to permit a party to depart in any material degree from the official survey so as to include land that cannot by any possibility lie within the lines thereof, would be a fraud upon the Commonwealth, and all persons applying for warrants on the faith of the recorded surveys.

[Riddlesburg Coal Co. v. Rogers.]

These points the court (Rowe, J.) answered as follows :—

" 2. This point, as applied to the evidence in this case, cannot be affirmed. There is not such a departure from the lines or shape of the returned survey in the draft of defendants as to prevent their holding the land according to it, if it represents the actual survey made on the Mowing warrant.

" 3. This point must be affirmed.

" 4. There may be even a material departure from the official survey as returned, if the marks on the ground require it, and that the marks and monuments on the ground may justify the inclusion of land which cannot possibly lie within the courses and distances as returned."

The defendants asked leave to send out with the jury the patent of Samuel Riddle ; the court refused, and sealed a bill of exceptions.

The verdict was for the plaintiff.

The defendants took a writ of error, and assigned for error the answer to the plaintiff's 3d point, and the refusal to allow the patent to go out with the jury.

*S. L. Russell* and *F. M. Kimmell*, for plaintiffs in error, cited, as to 1st error, Hall *v.* Tanner, 4 Barr 247 ; Quinn *v.* Heart, 7 Wright 341 ; Hall *v.* Powell, 4 S. & R. 456 ; Mageehan *v.* Adams, 2 Binn. 109 ; Walker *v.* Smith, 2 Barr 43 ; Mills *v.* Buchanan, 2 Harris 64 ; Cox *v.* Couch, 8 Barr 154 ; Petts *v.* Gaw, 3 Harris 222 ; Hunt *v.* McFarland, 2 Wright 69. As to 2d error : Little Sch. Nav. Co. *v.* Richards, 7 P. F. Smith 148.

*M. A. Points* and *J. Cessna*, for defendant in error.

The opinion of the court was delivered, July 7th 1870, by

THOMPSON, C. J.—I see not how a reversal of the judgment in this case is to be avoided, on account of the charge of the court in answer to the plaintiff's 3d point. The point was, " that while the marks on the ground, as a general rule, constitute the true survey, such marks must be in accordance with the bearings as near as may be, of the survey returned into the land office, and have some resemblance thereto." This the court affirmed without qualification.

This answer is in discord with the answers to the 2d and 4th points of the plaintiff. The former affirms, " that there is not such a departure from the lines or shape of the survey returned in the draft of defendants as to prevent their holding the land according to it if it represents the actual survey made on the Mowing warrant." If this were true the court might have declined answering the 3d point as being totally unnecessary. To the 4th the court said, " there may be even a material departure from the

15 P. F. SMITH—27

official survey as returned, if the marks on the ground require it, and that the marks and monuments on the ground may justify the inclusion of land which cannot possibly be within the courses and distances returned." This was right in itself; but we fear it was controlled by the answer to the 3d point, which was in effect saying that notwithstanding all this it is only so, "if the marks on the ground are as near as may be in accordance with the bearings of the survey returned into the land office, and have a resemblance thereto." This was error, and damaging error in this view. The marks on the ground constitute the actual survey of a tract of land; the draft of it is but the evidence of the survey, and will be controlled by them; so as to calls, courses and distances, all must yield to the marks and calls. The work on the ground is the original; the draft is no more in fact than the evidence of it, which from the nature of the thing is the evidence until corrected by the original, which is the work on the ground. The cases to prove this are too numerous for citation here. Some of them have been cited by the counsel for the plaintiff in error, and others of more recent date might have been cited. The instruction was undoubtedly erroneous, and for this we must reverse the judgment. It is no answer to such an error that elsewhere in the charge the doctrine may have been accurately stated, and that the whole question was submitted to the jury, under all the instructions as to the effect of the work on the ground. We could not affirm a judgment on such a verdict, without affirming an error. Besides, nobody can tell which instruction, the true or the false, weighed most with the jury.

In respect to the refusal of the court below to allow the patent to go out with the jury :—Unless there were very special reasons for it, it violated a uniform practice in this Commonwealth, which is to send out with the jury all title-deeds and papers given in evidence on the trial. If this were the only assignment of error in the case, we might require to be shown wherein it was probably prejudicial to the party complaining, before we would reverse. That does not appear, and we disapprove of the refusal, and as this case may again be tried, it will doubtless not be repeated without a controlling reason apparent on the record.

Judgment reversed, and *venire de novo* awarded.