# Hatch, Appellant, *v.* Philadelphia & Reading Railway Company.

*Negligence—Railroads—Passengers—Getting on train.*

It is the duty of the crew of a passenger train, the conductor and brakemen having it in charge, to see that all passengers boarding it, or manifestly intending to board it, are safely on it before the signal is given to the engineer to start. Failure to do so is negligence, and if a passenger is thrown from the step or platform of a car by the starting of it before he is safely on it, the railroad company is liable for the injuries sustained.

While it is the duty of those having a train in charge to see that it is not

started until all passengers are safely on it, they are not to be regarded as careless, and their company through them, negligent, if they give the signal to start after everyone reasonably to be regarded as a passenger is safely on the train and subsequently, one not only not seen by them, and, even if seen, not reasonably to have been regarded as an intending passenger, steps on the platform just as the train starts and is thrown off and injured.

Argued March 21, 1905. Appeal, No. 79, Jan. T., 1905, by plaintiff, from order of C. P. No. 5, Phila. Co., June T., 1903, No 4480, refusing to take off nonsuit in case of Charles J. Hatch v. Philadelphia & Reading Railway Company. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before RALSTON, J.

The facts are stated in the opinion of the Supreme Court.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the order of the court.

*Harry A. Mackey*, with him *Augustus Trask Ashton*, for appellant, cited: Penna. R. R. Co. v. Peters, 116 Pa. 206; Austrian v. Traction Co., 19 Pa. Superior Ct. 329.

*Gavin W. Hart*, for appellee, cited: Picard v. Ridge Ave. Pass. Ry. Co., 147 Pa. 195; Pitcher v. People's St. Ry. Co., 154 Pa. 560; Pitcher v. People's St. Ry. Co., 174 Pa. 402; Stager v. Ridge Ave. Pass. Ry. Co., 119 Pa. 70.

OPINION BY MR. JUSTICE BROWN, May 8, 1905:

It is the duty of the crew of a passenger train, the conductor and brakemen having it in charge, to see that all passengers boarding it, or manifestly intending to board it, are safely on it before the signal is given to the engineer to start. Failure to do so is negligence, and if a passenger is thrown from the step or platform of a car by the starting of it before he is safely on it, the railroad company is liable for the injuries sustained. While it is the duty of those having a train in charge to see that it is not started until all passengers are safely on it, they

are not to be regarded as careless, and their company, through them, negligent, if they give the signal to start after everyone reasonably to be regarded as a passenger is safely on the train and subsequently, one not only not seen by them, and, even if seen, not reasonably to have been regarded as an intending passenger, steps on the platform just as the train starts and is thrown off and injured.

As to this plaintiff, there was no evidence of the railroad company's negligence, and he was rightly nonsuited. The question of its negligence depended entirely upon his testimony. He went to Mount Pleasant station as an intending passenger. When he got there he saw the train pulling in. There was a lawn around the station building of the same grade as the tracks. When he reached the steps leading up to the lawn the train was at the station. Smoking a cigar, he walked leisurely towards it across the lawn in the direction of the last car, but neither said nor did anything to indicate to the crew, if they saw him, that he intended to get on the train. On the contrary, if they did see him, they saw him slowly walking in the direction of the last car, but with no indication in his movement that he intended to become a passenger. By no sign nor word did he give any indication of such an intention. He says he did not see any of the crew. This is probably so, for, after stopping at the station and seeing no indication of an intention by any one to become a passenger, they may have all gone inside the cars and the signal was given to start. If, after having stopped, the signal was given to start with no intending passenger in sight, or, if it was given after the appellant was in sight, but clearly from his own testimony not to have been reasonably regarded as one intending to become a passenger, there was no negligence in starting the train. If he stepped on it just as it started, he is without remedy, for the company was not negligent under the circumstances.

Judgment affirmed.