# Feiser *v.* Philadelphia & Reading Railway Company, Appellant.

*Negligence — Railroads — Passengers boarding cars — Sudden starting of train—Case for jury.*

In an action of trespass to recover damages for personal injuries sustained by plaintiff in consequence of being thrown under the wheels of a train which he was attempting to board, the case is for the jury and a verdict for the plaintiff will be sustained where it was undisputed that plaintiff, after waiting for the train in the station of defendant, was notified by the employee when the time for departure had arrived; that he went through an open gate having a sign indicating the train he wished to take; that he walked directly along the platform to the last passenger car of the train, took hold of the rail for the purpose of boarding the car at the rear end, and that while he was in the act of boarding, the train jerked violently and started, throwing him under the wheels of a baggage car attached to the passenger car, whereby his leg was severed.

Argued March 26, 1914.  Appeal, No. 24, Jan. T., 1914, by defendant, from judgment of C. P. No. 5, Philadelphia Co., June T., 1911, No. 1043, on verdict for plaintiff in case of Charles J. Feiser v. Philadelphia and Reading Railway Company.  Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J., specially presiding.

The facts appear in the opinion of the Supreme Court.

Verdict for plaintiff for $9,000, and judgment thereon. Defendant appealed.

*Errors assigned* were answers to points and various instructions to the jury, and in discharging defendants motion for judgment n. o. v.

*Wm. Clarke Mason,* for appellant.—There is no evidence from which the negligence of the defendant could be inferred : Philadelphia & Reading R. R. Co. v. Hummell, 44 Pa. 375;  Philadelphia & Reading R. R. Co. v. Yeager, 73 Pa. 121;  Rothschild v. Railroad, 163 Pa. 49; Chilton v. Traction Co., 152 Pa. 425;  Lanning v. Railways Co., 229 Pa. 575;  Rist v. Transit Co., 236 Pa. 218; Herstine v. Railroad Co., 151 Pa. 244;  Cline v. Railways Co., 226 Pa. 586;  Shive v. Railway Co., 235 Pa. 256.

*John W. Wescott,* of *Wescott, Wescott & McManus,* for appellee.—The case was for the jury : Powell v. Philadelphia & Reading R. R. Co., 220 Pa. 638;  Pittsburgh & Connellsville R. R. Co. v. Pillow, 70 Pa. 513;  Hatch v. Philadelphia and Reading R. R. Co., 212 Pa. 29;  New Jersey R. R. Co. v. Kennard, 21 Pa. 203;  Meier v. Penna. R. R. Co., 64 Pa. 225;  Penna. R. R. Co. v. White, 88 Pa. 327;  Englehaupt v. Erie R. R., 209 Pa. 182;  Bockelcamp v. L. W. V. R. R. Co., 232 Pa. 66.

OPINION BY MR. JUSTICE ELKIN, May 22, 1914:

Appellant contended in the court below and contends here that there was not sufficient evidence of negligence in the case at bar to submit to the jury, and that it was error not to direct a verdict for defendant as requested at the trial. In the printed argument learned counsel for appellant states his position as follows: "It was the duty of the plaintiff to prove that some employee of the defendant company in charge of the train saw the plaintiff attempting to board the train or was in a position where he could have seen him. If the time for the departure of the train had come before the plaintiff approached it and the signal had been given to start it and the employees had gotten upon the train, then there was no duty upon them to stop it and hold the train until the plaintiff could get on board." One answer to this argument is that there is no evidence that the signal to start the train had been given, or to show what position the employees were in when plaintiff stepped on the platform of the car. It is argued that there was no testimony to show that the train was started before schedule time, or that any employee saw the plaintiff approaching for the purpose of boarding the train, or to indicate that he was an intending passenger. This position, which is very strongly pressed in the argument, has made it necessary to carefully examine all the facts and circumstances disclosed by the record for the purpose of determining whether there was sufficient testimony to carry the case to the jury. Without offering any testimony counsel for defendant at the conclusion of plaintiff's case asked for binding instructions. Under these circumstances all the facts stated by the witnesses produced by the plaintiff, and the inferences to be drawn therefrom, must be accepted as established. This means that the facts testified to are undisputed and that it is the province of the jury to draw the inferences that may properly arise under such a state of facts. The precise question for decision here is whether, giving to the un-

disputed facts and the inferences to be drawn therefrom
their due weight, there was sufficient evidence to war-
rant a finding by the jury that the train had been neg-
ligently started while the plaintiff, an intending passen-
ger, was attempting to board it.  We have concluded
that the evidence was sufficient to sustain the negli-
gence charged in the statement of claim, and that the
learned trial judge would not have been warranted in
.taking the case from the jury.  To have done so would
have required the trial judge to declare as a matter of
law that the defendant was not guilty of the negligence
charged, and this under the evidence would have been
error.  It is not disputed that the plaintiff was an in-
tending passenger, having purchased a ticket, and
waited at the station more than two hours after mid-
night to take the train in question.  He fell asleep in the
station while waiting for the train and was awakened by
an employee of the defendant company when the time
had arrived, for its departure at 2 : 15 a. m.  He testifies,
and this testimony must be accepted as true because un-
disputed, that he had ample time to get aboard the train
after he was notified, and although he went to the toilet
room, when he returned, the gate to the train shed was
open, the sign above it gave notice that it was the train
he desired to take, and he walked directly along the plat-
form to one of the coaches, took hold of the rail in the
usual way of boarding a car, stepped upon the first step,
when the train "buckled" or "jerked" in such a violent
manner as to throw him under the wheel.  The reason-
able inference to be drawn from this testimony is that
the train was standing still when he attempted to board
it, and that it was started with such a sudden jerk be-
fore he had time to enter the car and reach a place of
safety as to throw him off and thus cause the very severe
injuries for which he seeks to secure damages in this
action.  There is no evidence to show that he attempted
to board a moving train, or that he was negligent in this
regard.  The contention of appellant is that there is no

evidence to indicate that any employee in charge of the train saw him, or could have seen him by the exercise of reasonable care. The evidence does not show that either the conductor or brakeman actually saw him, but taking all the facts and circumstances into consideration we cannot say as a matter of law that the employees could not have seen him if they had exercised reasonable care, or that they had no duty to perform in connection with the safety of this intending passenger. The notification in the station that his train was ready, the open gate and the sign above it, and the train standing on the tracks along side of the plaftorm, were invitations to plaintiff to take that train, and everything he did indicated that he was an intending passenger. Under these circumstances our conclusion is that it was for the jury to say whether the employees had negligently started the train without giving plaintiff an opportunity to enter the car in safety.

The fourth assignment of error relates to the instructions of the trial judge on the question of the measure of damages. While these instructions might have gone into the question more fully, we cannot find anything therein contained which can be said to be clearly erroneous. Indeed, the charge as a whole was full, fair and impartial, and as we view it appellant has no just ground of complaint about the manner in which the learned trial judge submitted the case to the jury.

Judgment affirmed.