## Stankowcz *v.* Baltimore & Ohio Railroad Co., Appellant.

*Negligence—Railroads—Passengers—Boarding train.*

Where a passenger arrives at a railroad station one minute after the scheduled time for the departure of the train which he intended to take, finds all the gates open, goes through one of them, approaches the train where a number of people were getting on, sees the brakeman standing outside the train, and as he was attempting to get on, the engine without warning bumped the cars, resulting in his injuries, he will be entitled to have a judgment on a verdict in his favor, sustained.

Argued Oct. 22, 1915. Appeal, No. 109, Oct. T., 1915, by defendant, from judgment of Municipal Court, Philadelphia Co., Oct. T., 1914, No. 352, on verdict for plaintiff in case of William Stankowcz v. Baltimore & Ohio Railroad Company. Before RICE, P. J., ORLADY, HEAD,

126 STANKOWCZ *v.* BALT. & O. R. R. CO., Appellant.

PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CRANE, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $150.00. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Gill & Linn,* for appellant.—Plaintiff was guilty of contributory negligence: Drake v. Penna. R. R. Co., 137, 352; Roberts v. Penna. R. R. Co., 238 Pa. 404; Purvis v. Buffalo, Rochester & Pittsburgh R. R. Co., 219 Pa. 195; Jones v. New York Cent. R. R. Co., 156 N. Y. 187; Whittle v. St. Louis & San Francisco Ry. Co., 74 Fed. Rep. 296; Foreman v. Penna. R. R. Co., 159 Pa. 541.

Defendant performed its duty: Bricker v. Philadelphia & Reading R. R. Co., 132 Pa. 1; Farley v. Cincinnati, Etc., R. R. Co., 108 Fed. Rep. 14.

*William I. Stanton,* for appellee.—Defendant failed in its duty to plaintiff as a passenger: Meir v. Penna. R. R. Co., 64 Pa. 225; Lake Shore, Etc., R. R. Co. v. Rosenzweig, 113 Pa. 519; Hatch v. Philadelphia & Reading Ry. Co., 212 Pa. 29.

Plaintiff was not guilty of contributory negligence: Feiser v. Philadelphia & Reading Ry., 245 Pa. 422; Geiger v. Pittsburgh Rys. Co., 247 Pa. 287.

OPINION BY TREXLER, J., March 1, 1916:

Plaintiff lived in Philadelphia and worked at Eddystone, Pa., and was what is commonly called a commuter. He arrived at defendant's depot in the City of Philadelphia at 6:20 in the morning. The time table produced by

defendant shows that the scheduled time for the train to leave was 6:19. The train was almost exclusively a workingmen's train and was not punctual as to leaving. When plaintiff arrived at the station all the gates were open. He went through one of them, saw as he thought the train for Eddystone, that a number of people were getting on the train, that others were inside the cars, and that the brakeman was standing outside the train. As he was attempting to board the train, the engine bumped it and plaintiff was injured by coming in contact with the glass door of the coach. The train was not upon the track it usually left, but it did not always leave upon the same track. There was no warning given to the plaintiff that he should not board the train. There was testimony that would warrant the conclusion that the train was the regular Eddystone train. There were no signs over the open gates indicating the destination of trains. The above is putting the case as strongly for the plaintiff as the facts warrant, and if the jury took these facts as verity their verdict was right. The relation of carrier and passenger began as soon as the plaintiff in good faith and with the intention of becoming a passenger entered in a lawful manner upon the carrier's premises: Powell v. Philadelphia & Reading Ry. Co., 220 Pa. 638. The standard of duty for the company is "strictest vigilance": Bockelcamp v. L. & W. V. R. R. Co., 232 Pa. 66. He was entitled to such protection as the utmost degree of diligence and care on the part of the defendant would give him. Certainly there was nothing unreasonable in the conduct of the plaintiff under the circumstances, in taking a train which was going to his destination and which others were entering. If, in his entering the train, he was subjecting himself to dangers which the employees of the railroad company should have warned him against, it was their fault, not his, if an accident occurred. It is negligence to start a train before the passengers who are manifestly intending to board it are on it: Hatch v. Railway Co., 212 Pa. 29. To use the lan-

Opinion of the Court.    [62 Pa. Superior Ct.

guage in Feiser v. Philadelphia & Reading Ry. Co., 245 Pa. 422, "the evidence does not show that either the conductor or the brakeman actually saw him, but taking all the facts and circumstances into consideration we cannot say as a matter of law that the employees could not have seen him if they had exercised reasonable care, or that they had no duty to perform in connection with the safety of this intending passenger."

All the assignments of error are overruled.    Judgment affirmed.