# Chitwood *v.* Philadelphia & Reading Railway Co., Appellant.

*Negligence—Railroads—Passenger—Getting on train—Conflict of testimony—Case for jury—Charge—Examining ground—Remoteness in time.*

1. In an action to recover damages for personal injuries by a passenger against a railroad company, the evidence of the plaintiff tended to show that he attempted to board a southbound train at a station, upon the east or proper side of the train; that as he put one foot on the first step of the car and raised himself from the ground, the train suddenly started forward with such a violent jerk as to break his hold from the handrail and throw him between the cars, so that he fell to the ground and was injured; and that the train was started prematurely before he and others just ahead of him were able to take passage in safety. The defendant's evidence tended to show that the train stopped about twenty minutes, and that apparently all intending passengers, some five in number, were safely on board long before the starting signal was given; and that plaintiff's accident resulted from a belated effort by him to get aboard on the wrong (west) side of the train, while it was in motion, and without his presence being known to any member of the train crew. *Held,* that the case was for the jury.

2. In such a case where five or six witnesses for defendant, including the conductor, brakeman and engineer testify in effect that no one was attempting to get on the train on the east side when the train started, and that none of them saw plaintiff when or after he fell, it is reversible error for the trial judge not to instruct the jury that the evidence of these witnesses was a substantial contradiction of plaintiff's testimony; and this is especially so where the judge's attention was called thereto.

3. Plaintiff, in the case, was hurt at 5:16 p. m. At 8:30 the next morning, members of the train crew looked over the ground, but found no blood or other evidence of an accident upon or near the east rail, but near where the rear end of the train had stood, they found upon and attached to the west rail, flesh and what had the appearance of blood, and one witness spoke of seeing a finger nail. *Held,* that the evidence indicated a strong circumstance in support of the contention that plaintiff was hurt while attempting to board a car on the west side, and that it was error for the trial judge voluntarily to suggest that it was too remote, inasmuch as such suggestion unduly minimized important testimony.

*Evidence—Plans and photographs—Sending out papers with the jury—Discretion—Abuse.*

4. Where a plan and photograph in an accident case, are offered in evidence, and no question is raised as to their accuracy and materiality, and they are of especial assistance in showing the scene of the accident, it is reversible error for the trial judge to refuse to permit them to be sent out with the jury, such refusal being an abuse of discretion.

Argued January 16, 1920. Appeal, No. 85, Jan. T., 1919, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1916, No. 2678, on verdict for plaintiff in case of Robert E. Chitwood v. Philadelphia & Reading Railway Co. Before BROWN, C. J., MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BARRATT, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $10,000. Defendant appealed.

*Errors assigned* were various instructions and rulings indicated in the opinion of the Supreme Court.

*Wm. Clarke Mason,* for appellant.—In view of the fact that the plaintiff was uncorroborated in his story that the train was started while he was attempting to get on, and that the six witnesses, referred to, affirmatively testify that at the time the train was started Chitwood was not in sight, it is confidently submitted that the statement of the trial judge to the effect that the story of the plaintiff "is not contradicted directly by any eyewitness in the case," is certainly harmful error: Hodder v. Phila. Rapid Transit Co., 217 Pa. 110; Davies v. Phila. Rapid Transit Co., 228 Pa. 176; Lingle v. Scranton Ry. Co., 214 Pa. 500.

The learned trial judge clearly erred in refusing to permit the exhibits which were in evidence to go to the jury: Riddlesburg Iron & Coal Co. v. Rogers, 65 Pa. 416.

*Thomas James Meagher,* for appellee.—It has long been the law of Pennsylvania, as elsewhere, that the subject of what shall be sent out by way of exhibits with a jury is within the sole discretion of the trial judge.

OPINION BY MR. JUSTICE WALLING, February 23, 1920:

This suit is for personal injuries sustained by plaintiff while attempting to board one of defendant's passenger trains, at its station at 31st street and Girard avenue, Philadelphia. Defendant's tracks extend along the easterly side of Fairmount park and under the Girard avenue bridge; the station building being east of the tracks and south of the bridge, and from it a stairway leads down to the tracks where passengers are received and discharged. Plaintiff's contention is that, on the evening of December 12, 1916, he there attempted to board one of defendant's southbound passenger trains, en route for Eddystone, and as he put one foot on the first step of the car and raised himself from the ground, the train suddenly started forward with such a violent jerk as to break his hold from the handrail and throw him between the cars so that he fell to the ground and his left hand was crushed under a car wheel; that the train was started prematurely before he and others just ahead of him were able to take passage in safety; also that he was attempting to board the train upon the east or proper side thereof. But defendant's evidence tends to show that the train stopped there about twenty minutes and that apparently all intending passengers, some five in number, were safely on board long before the starting signal was given; and that plaintiff's accident resulted from a belated effort by him to get aboard on the wrong (west) side of the train, while it was in motion, and without his presence being known to any member of the train crew. The case turned upon which version the jury accepted; if plaintiff's, he could recover (Donnelly v. Pennsylvania Co., 252 Pa. 175; Feiser v. Phila. & R. Ry. Co., 245 Pa. 422; Stankowcz v. Balt.

& O. R. R. Co., 62 Pa. Superior Ct. 125), but if defendant's, he could not (Hatch v. Phila. & R. Ry. Co., 212 Pa. 29; Tobin v. Pennsylvania R. R., 211 Pa. 457; Seltzer v. Phila. & R. Ry. Co., 69 Pa. Superior Ct. 309). The verdict was for plaintiff and this appeal by defendant is from judgment entered thereon.

A plan and photographs exhibiting the place of accident were admitted in evidence, but when defendant asked that they be sent out with the jury the trial judge sustained plaintiff's objection thereto and refused the request, without stating any reason therefor. This was error. When such exhibits are put in evidence they become a part of the case and it is the uniform practice to give them to the jury during their deliberations. Maps and photographs are of great assistance to this court (Kupp v. Rummel, 199 Pa. 90, 93), and no less so to a jury. "If the jury are not to see them [the plans] at all, then they are of no use at all; if the jury are to see them, then it is proper they should have them before them till the case is ended by a verdict": Wood v. Williard, 36 Vermont 82, 90; S. C., 84 Am. Dec. 659, 663. Treating it as a matter of discretion, it was an abuse thereof to withhold the plan, etc., from the jury without cause. There was no question raised as to their accuracy or materiality. They were of especial assistance in showing the tracks and also the place under the bridge where the rear end of the train had stood and where defendant's evidence tends to show the accident occurred. So it is a fair conclusion that the ruling in this regard was prejudicial to the defendant. There might be a case where a refusal to send exhibits out with the jury would be justified, but there must be special reason to warrant it: Riddlesburg I. & Coal Co. v. Rogers, 65 Pa. 416. The rule as to exhibits has no application to the testimony of a witness whether given as a deposition or otherwise. In Com. v. Brown, 264 Pa. 85, it does not appear that the exhibit had been formally offered in evidence or that a request had been made to have it sent out with the jury.

Plaintiff was hurt at 5:16 p. m. and at 8:30 the next morning members of the train crew looked over the ground and found no blood or other evidence of an accident upon or near the east rail, but up under the edge of the bridge near where the rear end of the train had stood they found upon and attached to the west rail flesh and what had the appearance of blood and one speaks of seeing a finger nail. That was a strong circumstance in support of the contention that plaintiff was hurt while attempting to board a car on the west side, and there was nothing to call for the trial judge's voluntary suggestion that it was too remote. It unduly minimized important testimony (Lingle v. Scranton Ry. Co., 214 Pa. 500; Hodder v. Phila. R. T. Co., 217 Pa. 110; Davies v. Phila. R. T. Co., 228 Pa. 176). The marks of such an accident would not likely disappear during the night nor change from one rail to the other.

The train contained five passenger cars and, while at the station, the conductor and brakemen were at different points on the east side and saw passengers enter the cars, and testify in effect that no one was attempting to do so when the train started forward, and that none of them saw plaintiff when or after he fell. This is corroborated by the engineer who says he was looking back along that side of the train. The evidence of these witnesses, some five or six, is a substantial contradiction to plaintiff's testimony, and the trial judge, especially as his attention was called thereto, should so have instructed the jury. The testimony of those present that they saw no such accident as plaintiff describes tends to show it did not so occur. But the trainmen were on the east side and if the accident happened on the west side it might not be in their view. For reasons above stated the motion for a new trial should have been granted.

The judgment is reversed and a venire facias de novo awarded.