## Borden *v.* Lehigh Valley R. R. Co., Appellant.

*Common carriers—Railroads—Free transportation—Employees traveling on passes—Negligence—Release of liability—Effect— Burden of proof.*

An employee of a common carrier who is required by the exigencies of his employment to travel to and from his work on his employer's trains, and for that purpose has a pass, is to be regarded as a passenger for hire while riding to and from his work. In such case, the fact that the pass contains a release of the employer from liability for negligence in transportation does not prevent him from recovering damages for injuries sustained through the negligence of the carrier.

When the plaintiff produced evidence to show that his injuries were caused by the violent bumping of a train, while he was boarding it, he met the burden which is upon him to establish the negligence of the defendant, and a verdict for the plaintiff will be sustained.

Argued March 16, 1921. Appeal, No. 90, Oct. T., 1920, by defendant, from judgment of C. P. Bradford County, Sept. T., 1918, No. 325, on verdict for plaintiff in the case of John J. Borden v. Lehigh Valley Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MAXWELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $750 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of motion for judgment non obstante veredicto.

*J. Roy Lilley,* and with him *William P. Wilson,* for appellant.—When one rides on a pass releasing the carrier

from liability he must affirmatively prove negligence in order to recover damages for any injuries received and is entitled to the benefit of no presumptions: Crary v. L. V. R. R. Co., 203 Pa. 525.

*Charles M. Culver,* and with him *Fanning & Kaufman,* for appellee.—The plaintiff was a passenger: Dugan v. Susquehanna Coal Co., 241 Pa. 565; Wilkes v. B. R. & P. Ry. Co., 216 Pa. 355; McNulty v. Penna. R. Co., 182 Pa. 479. It is negligence to jolt a passenger train while it is receiving passengers at a station: Raughley v. R. R. Co., 202 Pa. 43. The standard of duty defendant owed plaintiff was "strictest vigilance": Bockelcamp v. L. & W. V. R. R. Co., 232 Pa. 66; Hatch v. P. & R. Ry. Co., 212 Pa. 29; Englehaupt v. Erie R. R. Co., 209 Pa. 182; Stankowcz v. B. & O. R. R. Co., 62 Pa. Superior Ct. 125; Walthour v. Pa. R. R. Co., 40 Pa. Superior Ct. 252.

OPINION BY LINN, J., April 18, 1921:

The only complaint is that the court refused judgment non obstante veredicto. Plaintiff was employed as a carpenter by defendant. At the time of his injury it was necessary for him to travel from his home to his place of employment on defendant's railroad, and as compensation he received a certain sum of money and transportation there and back. For that purpose he received a ticket or pass containing a release of his employer from liability for negligence in transportation. It was his duty to take defendant's train at 5:40 a. m. On the morning of the accident he went to defendant's station at the usual time, obtained his tools from the place furnished by defendant for their custody, and boarded the train standing at its usual starting place in the station; other passengers had already boarded the train; a brakeman stood at or near it. As soon as plaintiff entered one of the cars, and before he could be seated, the train received an unusual bump which threw and injured plaintiff. At the time of the injury, plaintiff was

a passenger: McNulty v. R. R. Co., 182 Pa. 479. The measure of duty owing to a passenger in such circumstances is stated in Stankowcz v. R. R. Co., 62 Pa. Superior Ct. 125. Appellant contends that the release from liability contained on the ticket or pass required plaintiff to prove that the accident was caused by the negligence of the defendant. That burden was sustained; in addition to the evidence already referred to, there was testimony by plaintiff's witness Morris justifying the jury in finding that the accident was caused by the violent and unusual coupling of the locomotive to the train. As the jury has so found on sufficient evidence, pursuant to a charge of which no complaint is made, we are bound by the conclusion.

The judgment is affirmed.