## Myers *v.* Abbott, Appellant.

*Ejectment—Evidence—Admission—Harmless Error.*

In an action of ejectment where the plaintiff offered in evidence the record papers, the declarations and abstract and the defendant's traverse abstract for the purpose of showing the issues in the case, it was held that the admission of this evidence was not sufficient error to grant a new trial, since there had been no objection to their original admission and the admission the second time was mere repetition and, not having been read by the jury or taken out by them, or commented upon in the trial, it could not have affected the verdict.

Syllabus—Opinion of the Court.   [86 Pa. Superior Ct.

The admission of certain conversations the effect of which merely proved that the plaintiff insisted upon her rights, and did not show she had any rights, is not ground for a new trial.

Argued April 17, 1925.   Appeal No. 143, April T., 1925, by defendant from judgment of C. P. Warren County, September T., 1922, No. 63, on verdict for the plaintiff in the case of Nancy J. Myers v. Leon H. Abbott.   Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Action of ejectment to recover a strip of land in Pine Grove Township.   Before ARIRD, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff and judgment thereon.   Defendant appealed.

*Errors assigned* were various rulings on evidence.

*Earle MacDonald,* and with him *C. E. Bordwell,* for appellant.

*D. I. Ball,* for appellee.

OPINION BY TREXLER, J., July 9, 1925:

This is an action of ejectment.   The matter in dispute was a small strip of land lying between a right-of-way and a cottage lot in Pine Grove Township, Warren County, Pennsylvania.   The plaintiff avers that she owned a larger tract and sold some parcels but did not convey to any person the land described in the writ, and that the small strip of land still remained in her ownership.   The evidence produced was of the kind that usually is offered in such actions except that the plaintiff offered the record papers, the declarations and abstract and the defendant's traverse abstract for the purpose of showing what the issue was in the case.   The offer was limited "to show the issues

in the case." It was objected to and the court met the objection by saying that when the offer of the papers was originally made there was no objection to their admission and then stated that they would be admitted in evidence for the purpose for which they were offered, to which action of the court the defendant took an exception. The statement of the court is not fortified by the printed record showing the first offer was made without objection thereto, but as it is not contradicted in the briefs, we will assume it is correct. As these papers had been admitted without objection, their admission the second time did not hurt the defendant. It was mere repetition. Defendant's proper course would have been to ask the court to correct its former ruling and exclude the evidence and strike it from the record. Furthermore these papers were admitted merely to show the issue. This would be a matter solely for the court. There is nothing to show that these papers were read to the jury, that they went out with the jury or that they were commented upon in the trial, of the case, in fact the trial judge states explicitly that they were not. "If the jury are not to see them at all, then they are of no use at all": Chitwood v. Phila. & R. Ry. Co., 266 Pa. 435, 438. We, therefore, are presented with the situation that even if the admission of these papers was improper it could in no wise affect the verdict and the error was harmless: Riddlesburg Iron and Coal v. Rogers, 65 Pa. 416.

The other objection taken by the appellant is that the court allowed conversations which took place between the plaintiff and the defendant to be proven at the trial. These conversations showed that the plaintiff objected when the defendant erected his building over the line, and that she notified him that she did not wish to build on her ground and that she put up notices or posted the property and that the defendant

had torn down the notices and directed the plaintiff to keep off the ground. When the case was submitted to the jury, the court confined the question as to who was the owner of the narrow strip and he called the attention to the proof presented showing the claims of the parties. Defendant claimed that the land conveyed to him included the strip. Plaintiff claimed that she retained it. The issue seemed to be clearly defined, for both parties presented points to the court, all of which were affirmed. No further reference was made to the conversations had between the parties and in any event the effect of them would be merely to show that the plaintiff insisted on her rights. They did not show that she had any rights. We think the case should not be reversed on this ground. Whatever the reason was that led to their introduction and, however unsound it may have been, we do not think it could have affected the result. This error was harmless.

All the assignments of error are overruled and the judgment is affirmed.