## Jander v. Joule

*Howard L. Fussell,* for plaintiff.
*Robert W. Beatty,* for defendant.

FRONEFIELD, P. J., January 5, 1935. — The plaintiff moved for a new trial in this suit on a promissory note, after a verdict for the defendant. The reasons assigned are that the note, with a check for the same sum, which was given by the plaintiff to the defendant about two years before the date of the note, and a letter written by defendant to the plaintiff, all of which were read to the jury, were not permitted to go out with the jury. The only defense to the note was a want of consideration. The defendant explained that the plaintiff asked defendant to purchase some stock for him which turned out to be a bad venture and, as they had been friends, the defendant gave plaintiff his note for the amount, though he was under no obligation to do it. The plaintiff did not appear at the trial to deny the defendant's testimony. The jury did not ask for the papers and no harm could have come to the plaintiff's case because of their absence. The real harm was caused by the plaintiff not being present at the trial to answer the testimony of the defendant, that the note was given without any consideration.

Sending out papers with the jury is usually within the sound discretion of the court: Little Schuylkill, etc., Co. v. Richards' Admr., 57 Pa. 142; Cavanaugh v. Buehler et al., 120 Pa. 441; and where they are sent out or are refused to be sent out, it must be shown that harm was done the case by sending or refusal to send them out, before the appellate court will reverse: Henry on Trial Evidence in Pa. (2d ed.), sec. 427; The Riddlesburg Iron & Coal Co. v. Rogers, 65 Pa. 416; Spence v. Spence, 4 Watts 165; Shirk v. Davis Garbage Furnace Co., 24 Lanc. 355.

The motion for a new trial is dismissed.