Noreika, to use, Appellants, *v.* Pennsylvania Indemnity Corporation.

Argued March 8, 1939.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker and Rhodes, JJ.

*Stanley F. Coar*, with him *William P. Farrell*, for appellants.

*Walter L. Hill, Sr.*, of *O'Malley, Hill, Harris & Harris*, with him *Edward W. Warren*, for appellee.

Opinion by Rhodes, J., April 21, 1939:

Plaintiffs in this action in assumpsit have appealed

from the refusal of the court below to grant a new trial, the jury having rendered a verdict in favor of defendant.

Defendant issued a personal liability policy to I. J. Noreika, the legal plaintiff. On September 25, 1934, the use plaintiffs received personal injuries while occupants of an automobile owned by legal plaintiff and operated by one of his employees. On December 5, 1934, the use plaintiffs instituted an action in trespass against the legal plaintiff, claiming damages for the injuries sustained. On October 2, 1934, defendant received notice from the legal plaintiff of the accident. On January 9, 1935, defendant notified legal plaintiff that it declined to defend. Upon advice of counsel the legal plaintiff settled the suit brought by the use plaintiffs, and a verdict and judgment for each of the plaintiffs was entered in the sum of $1,000. On March 21, 1935, the present action was begun. The defenses set forth in the affidavit of defense were: (1) The automobile of the legal plaintiff had been hired to the use plaintiffs, and hence the accident was not within the assumed risk; (2) the judgments of the use plaintiffs against the legal plaintiff herein were collusive.

After the jury had retired they sent to the court a written request, which was not preserved, and therefore we have no knowledge of its contents. The jury was brought into court, and the following appears from the record:

"The court: Members of the Jury: I have your request for the files in this case. The files are not part of the evidence; they are technical matters that lawyers and judges understand but from which a layman might get a wrong idea. There were certain admissions taken from those files that are before you.

"The foreman: There were certain parts that we wanted to check as to dates. The question we wanted to find out was exactly the date the suit was filed and the general contents of it; and also the policy.

"The court: We might be able to give you the policy. There is no dispute, according to the interpretation of the policy, that if the injured persons, the plaintiffs in this case, had hired that automobile, your verdict would be for the defendant. There is no dispute about that. The date of the suit, as I recall it from the evidence in the case, was the same date as that letter sending back the summons; that was the date of the suit by the plaintiffs against Noreika. This suit followed after the judgment. This suit was tried nearly twenty-two months ago, but due to some mix-up it got on the trial list again just recently. Perhaps none of the parties may be responsible for it being delayed."

In its opinion refusing new trial the .court below refers to a written statement sent by the jury "asking to see the files in the case." The opinion continues: "In order that exceptions might be taken to a refusal the jurors were brought down. The offer of the pleadings for the purpose of establishing admissions occupied nine pages of the transcript and consumed about two hours of time. Only a portion of the pleadings had been admitted. Pleadings cannot be considered by the jury as evidence in favor of the pleader to prove facts required to establish his case ...... The policy was not in court. If counsel had offered it in evidence, he should have seen that it was sent out with the jury."

It is argued on behalf of appellants that the additional instructions to the jury, given without notice and in the absence of counsel, were erroneous in fact and prejudicial in effect and constituted reversible error. As to whether the jury in its request asked for the pleadings in the case before it, or the files which had been offered in evidence in the suit between the use plaintiffs and the legal plaintiff, it is impossible to determine, as the written request of the jury was not filed, and has not been made a part of the record. If the jury had in mind the date of institution of the suit by the use plaintiffs

against the legal plaintiff and other dates in connection therewith, such dates could have been ascertained from the original files of that suit which had been offered in evidence. Counsel for defendant insisted that all the files in that action be offered in evidence. The trial judge apparently understood the jury's request to relate to the pleadings in the case on trial. On account of the state of the record we are unable to determine what the jury wanted. The more logical conclusion is that the jury desired the files which had been offered in evidence in order to see when that suit was instituted, and possibly when the judgments were entered in relation to notice to defendant by legal plaintiff, and the refusal of defendant to defend use plaintiffs' claim. Collusion was a defense, and reference had been made to it during the trial and in the charge of the court. It would be natural for the jury to have this matter under consideration in their deliberations.

The statement of the trial judge to the jury that "the date of the suit, as I recall it from the evidence in the case, was the same date as that letter sending back the summons" would seem to be erroneous. Defendant, in its letter of January 9, 1935, returned the summons to legal plaintiff, which had been issued in the action against him by the use plaintiffs. If the court was referring to the date of the suit between the use plaintiffs and the legal plaintiff, that was instituted on December 5, 1934, while the action then on trial was started by the issuance of summons in assumpsit on March 21, 1935. Furthermore, the trial judge went on to say: "This suit was tried nearly twenty-two months ago, but due to some mix-up it got on the trial list again just recently. Perhaps none of the parties may be responsible for it being delayed." We are unable to ascertain from a review of the record what relationship this statement had to the issue being tried. We find no reference in the record to a twenty-two months' delay or to any mix-up.

The court below in its opinion refusing a new trial takes the position that the insurance policy upon which the present suit was based, and which the jury seems to have requested, was not in court, and that if counsel had offered it in evidence he should have seen that it was sent out with the jury. The record clearly discloses that a copy of the policy was offered and admitted in evidence. Although it is the well established rule that it is within the discretion of the trial court whether documentary evidence, properly admitted (with exception of depositions or transcripts of testimony), shall be sent out with a jury *(Brenner v. Lesher et al.,* 332 Pa. 522, 528, 2 A. 2d 731), nevertheless, if the files in the suit between the use plaintiffs and the legal plaintiff and the policy of insurance upon which the action between appellants and defendant was based were specifically requested by the jury, the request should have been granted unless there were special reasons for the refusal (see *Chitwood v. Philadelphia & Reading Railway Co.,* 266 Pa. 435, 438, 109 A. 645). The materiality of neither was questioned when they were offered and received in evidence. In *Sommer v. Huber et al.,* 183 Pa. 162, 38 A. 595, the jury's written request for instructions and the trial judge's written answer were not preserved. It was there held, in reversing the judgment of the court below and granting a new trial, that it was the general and well settled rule that instructions to the jury must be given in open court where they may be heard by the parties and their counsel. See, also, *Hunsicker v. Waidelich et al., Ex'rs,* 302 Pa. 224, 232, 153 A. 335. In *Allegro v. Rural Valley Mutual Fire Ins. Co.,* 268 Pa. 333, at page 336, 112 A. 140, at page 141, it was held: "The mere fact that at the jury's request the court gave them further instructions in the absence of a party, will not entitle him to a new trial, unless something occurred to his prejudice: *Cunningham v. Patton,* 6 Pa. 355. Here the colloquy between

court and jury, fully reported, discloses nothing of which defendant can justly complain."

Under the circumstances of the instant case, we must assume that the action and statements of the trial judge were injurious and prejudicial to appellants.

Judgment is reversed, and a venire facias de novo awarded.