J-A18023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAVID M. KLOSS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LYNN A. COLAIACOVO, M.D. AND | : | No. 1360 WDA 2020 |
| LYNN A. COLAIACOVO, M.D., P.C. | : | |
| D/B/A HERMITAGE DERMATOLOGY | : | |

Appeal from the Judgment Entered December 21, 2020
In the Court of Common Pleas of Mercer County Civil Division at No(s):
No. 2017-3589

BEFORE:  OLSON, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.: **FILED: SEPTEMBER 27, 2021**

Appellant David M. Kloss appeals from the judgment entered in favor of Appellees Lynn A. Colaiacovo, M.D. (Dr. Colaiacovo) and Lynn A. Colaiacovo, M.D., P.C. d/b/a Hermitage Dermatology, following the denial of his post-trial motion for a new trial.  Appellant contends that trial court erred in denying a new trial because the trial court abused its discretion when it refused to permit the jury to have physical copies of digital photographic exhibits during deliberations.  We affirm.

By way of background, Appellant testified that he began treating with Dr. Colaiacovo in January of 2011.  N.T., 11/18/20, at 47.  During a follow-up visit in March of 2011, Appellant asked Dr. Colaiacovo about a red bump that Appellant had on his nose, and Dr. Colaiacovo prescribed Retin-A, a topical ointment.  *Id.* at 49-50.  Dr. Colaiacovo examined Appellant again in August

of 2011, and Appellant testified that Dr. Colaiacovo was not concerned about the bump. *Id.* at 51. In April of 2013, Appellant believed that the bump had not improved, and he returned to see Dr. Colaiacovo. *Id.* at 53-54. Appellant testified that Dr. Colaiacovo was not worried about the red bump. *Id.* Appellant stated that four years later, in April of 2017, he opted to visit another dermatologist, Dr. Jennifer Zahniser. *Id.* at 56. Dr. Zahniser took a biopsy from Appellant's nose. *Id.* at 57. The biopsy revealed a form of cancer, basal cell carcinoma. *Id.* at 63. Appellant then treated with Dr. David Cowan, who performed several surgeries and removed the cancerous portions of Appellant's nostril and facial tissue. *Id.* at 64-69.

Appellant subsequently filed a complaint against Appellees on December 7, 2017. Complaint, 12/7/17. In his complaint, Appellant alleged that Dr. Colaiacovo breached the standard of care by failing to perform a biopsy on the red bump on Appellant's nose, which was later determined to be the cancerous lesion and removed by Dr. Cowan, and Appellant had suffered damages as a result of Appellees' negligence. *Id.* at ¶¶ 9-29. The trial court summarized the relevant procedural history of this matter as follows:

> A jury trial in this matter was held from November 17, 2020 until November 20, 2020. The jury was selected on November 17th, the trial began on November 18th, and the trial concluded on November 20th after which the jury deliberated and eventually returned a verdict in favor of Appellees. The verdict slip dated November 20th was filed on November 23, 2020. On November 30, 2020, Appellant filed a motion for post-trial relief requesting a new trial because of this court's alleged error in failing to send an exhibit consisting of hardcopies of photographs out with the jury during its deliberations. The court had instead allowed the

jury to review digital images matching the photographs, which digital images were likewise shown during trial, on a screen in open court during a break from jury deliberations. The motion for post-trial relief was denied by an order dated and filed on December 2, 2020. A praecipe to enter judgment against Appellant on the verdict was filed by Appellees on December 21, 2020. Appellant filed a notice of appeal to the Superior Court on December 23, 2020. On the same date, this court ordered Appellant to file a concise statement of errors complained of on appeal, which was filed on January 11, 2021. A post-appeal conference was held on January 15, 2021.

Trial Ct. Op., 1/28/21, at 1-2 (some formatting altered).

On appeal, Appellant raises the following issue:

Is [Appellant] entitled to a new trial where, over objection, the trial court did not provide the jury during its deliberations with an exhibit consisting of several photographs that had been entered into evidence without objection and was specifically requested by the jury?

Appellant's Brief at 4.

Appellant argues that "a heavily contested issue at trial was whether the red cyst-like bump that Dr. Colaiacovo noted in March 2011 was the same one diagnosed as cancerous by Dr. Zahniser in 2017." *Id.* at 19. Appellant contends that there was no reason for the trial court's refusal to allow the jury to review physical copies of the photos. *Id.* at 20. Additionally, Appellant states that the trial court did not mention the COVID-19 pandemic as an explanation for refusing to allow the jury to review hardcopies until the trial court drafted its Rule 1925(a) opinion. *Id.* Appellant asserts that if the jury had hardcopies to review, it would have been able to determine that the red bump noted by Dr. Colaiacovo in March 2011 remained on Appellant's nose

- 3 -

and was the same spot later diagnosed as cancerous in 2017. *Id.* at 24. Accordingly, Appellant argues that a new trial is warranted. *Id.*

Appellees counter that the trial court did not commit an error of law or an abuse of discretion and notes that the jury was permitted to view the photos. Appellees' Brief at 4. Specifically, upon request during its deliberations, the jury was permitted to view the same digital images that it viewed during the trial. *Id.* Appellees also point out that the jury foreperson indicated, on the record, that the jury was satisfied with the method and manner in which it viewed the photographs. *Id.* (citing N.T., 11/20/20, at 88-93). Appellees emphasize that the trial court never denied the jury's request to view the photographs. *Id.* at 7. Further, Appellees dispute Appellant's assertion that the trial court did not mention the COVID-19 pandemic until the court filed its Rule 1925(a) opinion. *Id.* Appellees point out that the trial court specifically spoke about COVID-19, masks, and social distancing when it instructed the jury on the manner in which it would review the photographs. *Id.* (citing N.T., 11/20/20, at 86-87). Therefore, Appellees conclude that Appellants are not entitled to relief.

Our standard of review in considering a trial court order denying a motion for a new trial is as follows:

> When assessing the trial court's denial of a motion for new trial, we apply a deferential standard of review. The decision whether to grant or deny a new trial is one that lies within the discretion of the trial court. We will not overturn such a decision unless the trial court grossly abused its discretion or committed an error of law that controlled the outcome of the case. Upon review, the test is not whether this Court would have reached the same result

on the evidence presented, but, rather, after due consideration of the evidence found credible by the trial court, and viewing the evidence in the light most favorable to the verdict winner, whether the court could reasonably have reached its conclusion.

*B & L Asphalt Industries, Inc. v. Fusco*, 753 A.2d 264, 267 (Pa. Super. 2000) (internal citations and quotation marks omitted). "An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias or ill-will." *Burton-Lister v. Siegel, Sivitz & Lebed Assocs.*, 798 A.2d 231, 238 (Pa. Super. 2002) (citation omitted). We note that "[t]he general rule in Pennsylvania is that exhibits properly admitted into evidence, with the exception of depositions and transcripts of testimony, may, within the discretion of the trial court, be sent out with the jury." *Kearns v. Clark*, 493 A.2d 1358, 1362 (Pa. Super. 1985) (citation omitted); *see also* Pa.R.C.P. 223.1(d)(3) (stating that the court may make exhibits available to the jury during deliberations).

Here, the trial court addressed Appellant's claim as follows:

The two published cases cited by Appellant in his concise statement of errors complained of on appeal are distinguishable from the instant case. *Chitwood v. Philadelphia R.R.Co.*, 109 A. 645, 646 (Pa. 1920) involved an action for injuries sustained by a passenger while boarding a train, and our Supreme Court held that the trial court's refusal of a request to let the jury take a plan and photographs exhibiting the place of the accident was prejudicial and a new trial was ordered. *Id.* The Supreme Court did state that "[t]here might be a case where a refusal to send exhibits out with the jury would be justified, but there must be [a] special reason to warrant it." *Id.* In the instant case, the jury was allowed to review the photographs in question on a screen in the courtroom during a break from its deliberations to the extent

- 5 -

that it agreed, through its foreperson, that it was satisfied. [The record reflects the following exchange:]

> The Court: All right. Madam Foreperson, does that answer your question about the pictures?

> The Foreperson: Yes.

[N.T., 11/20/20, at 93-94].

There was a special reason for not sending the hardcopies of the photographs out with the jury and that was the [COVID]-19 pandemic and the fact that the jury had not seen hardcopies of the photographs at any point during the presentation of evidence.

***Noreika v. Pennsylvania Indemnity Corp.***, 5 A.2d 619 (Pa. Super. 1939) involved an action by an insured against an automobile insurer, and the Superior Court held that if files from a previous lawsuit by injured parties against the insured and the insurance policy were specifically requested by the jury then the request should have been granted unless there were special reasons for refusing. The materiality of the files or the policy was not questioned when offered into evidence. ***Id.*** The Superior Court explained that the trial court has discretion over whether properly admitted documents shall be sent out with a jury but ordered a new trial under the circumstances. ***Id.*** In the instant case, the court granted the jury's request insofar as it was allowed to see the photographs in question during a break from its deliberations on a screen in the courtroom to the extent that it was satisfied. ***See*** N.T., 11/20/20, at 93-94. Again, the [COVID]-19 pandemic was a special reason for not sending the hardcopies of the photographs out with the jury.

Appellant also cites the unpublished opinion of ***Schrader v. Ameron Int'l Corp.***, 2609 EDA 2018, 2020 WL 1460697 (Pa. Super., filed Mar. 24, 2020) (unpublished mem.) in his concise statement of errors complained of on appeal. Although this court is mindful of the Superior Court's rules about citing unpublished opinions,[1] the court will address the case for the sake of thoroughness because it was raised by Appellant. The Superior Court considered whether the trial court had committed a

---

[1] ***See*** 210 Pa. Code. § 65.37 (providing that non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value). ***See also*** Pa.R.A.P. 126(b).

prejudicial error or abused its discretion by refusing to provide the jury with a copy of a properly admitted exhibit when the jury specifically requested to see the exhibit during its deliberations. *Id.* The *Schrader* Court held that the trial court abused its discretion in denying the jury's specific request to view a certain piece of evidence without conducting any analysis of its import or offering any reasonable basis for its ruling. *Id.* The mere reliance upon the trial court's preference that jurors depend upon their memories and the defendant's speculation that jury deliberations may have been prolonged by giving the jury the evidence was unreasonable under the circumstances. *Id.* Finding that the verdict may have been affected, the Superior Court held that the trial court's ruling was reversible error warranting a new trial. *Id.*

As above, the *Schrader* case is distinguishable from the instant case in that this court allowed the jury to review the photographs in question during a break from its deliberations, and the court submits that the [COVID]-19 pandemic is a reasonable basis for not giving the jury the hardcopies. Another distinction is that any prejudice in the instant case would result from the manner that the jury viewed the photographs rather than an inability to view the photographs. The Court submits that any prejudice would thus be speculative and refuted by the foreperson's statement to the effect that the jury was satisfied after viewing the photographs on a screen in the courtroom.

The court was careful to follow the best practices for mitigating the spread of [COVID]-19 during the trial. For example, the jury deliberated in another courtroom as opposed to the usual smaller room designated for jury deliberations so that the jurors could better practice social distancing. When the Court was hearing argument concerning whether to send the hardcopies of photographs out with the jury, counsel for Appellant stated: "Your Honor, oftentimes — if this wasn't COVID, I would have passed around pictures or photographs, but that's not realistic right now to hand them copies." N.T., 11/20/20, at 79. The court considered in its decision that if the hardcopies had gone to the jury, then multiple jurors may have touched the same surface and the jurors may have huddled closely together to simultaneously look at the same photograph(s). The manner in which the jurors ultimately viewed the photographs during a break from their deliberations was suggested by counsel for Appellant.[fn1] *Id.* at 90 ("If we just form a single line with social distancing, people could walk, see the screen, and then continue around, just around the courtroom.").

[fn1] The trial court recognizes that this was an alternative to Appellant's preference of giving the hardcopies of the photographs to the jury.

Trial Ct. Op. at 2-5 (some formatting altered).

On this record, we agree with the trial court's analysis that it did not refuse the jury's request to view the photographic exhibits. Rather, the trial court exercised its discretion and opted to display the photos on a video screen for the jury as opposed to sending hardcopies into the jury room. In addition to explaining that during trial the jury only viewed the photos in digital format on a video screen, the trial court also noted its concerns about the transmission of COVID-19 in connection with the jury's request to view the exhibits. Therefore, we reject Appellant's assertion that the trial court failed to cite COVID-19 concerns as a reason for refusing to have jurors handle physical copies of the photos until it mentioned COVID-19 in the Rule 1925(a) opinion. *See* N.T., 11/20/20, at 86-87.

For these reasons, we conclude that there was no abuse of discretion in the trial court's refusal to allow the jury to review and physically handle hardcopies of the photos. *See Kearns*, 493 A.2d at 1362; *see also* Pa.R.C.P. 223.1(d)(3). As noted previously, the jury viewed the photos in digital format on a video screen at trial, and upon request during deliberations, the jury was permitted to again review the photos on a video screen. Therefore, we find no abuse of discretion or error of law that controlled the outcome of the case. *See B & L Asphalt Industries, Inc.*, 753 A.2d at 267. Accordingly, we

affirm the order denying Appellant's motion for a new trial and the judgment entered on the verdict.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2021