## Kupp, Appellant, *v.* Rummel.

*Negligence—Master and servant—Falling through open hatchway.*

In an action against an employer to recover damages for the death of an employee who had fallen down an open hatchway, a nonsuit is properly entered where it appears that the deceased was familiar with the premises, and the only witness to the accident testified that immediately before the accident the deceased was standing with his back to the hatchway, two or three feet from it, talking to the defendant, that defendant told the witness to open the hatchway, that the witness obeyed, and that shortly afterwards witness heard an exclamation and saw that the deceased had fallen down the hatchway.

Argued March 5, 1901. Appeal, No. 346, Jan. T., 1900, by plaintiff, from order of C. P. Berks Co., April T., 1899, No. 64, refusing to take off nonsuit in case of Ella Kupp v. Herman F. L. Rummel. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before ERMENTROUT, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in refusing to take off nonsuit.

*J. H. Jacobs* and *H. P. Keiser,* for appellant.—If there be any evidence beyond a mere scintilla, however slight, from which the jury may draw an inference favorable to the plaintiff, the case should be submitted ; and, if it inadvertently happens to be withdrawn from the jury by judgment of nonsuit, the latter

should be taken off by the trial judge : Bastian v. Phila., 180 Pa. 227 ; Fisher v. Monongahela Connecting Railway Co., 131 Pa. 292 ; Corbalis v. Township of Newberry, 132 Pa. 9 ; Hineman v. Matthews, 138 Pa. 204 ; Bucklin v. Davidson, 155 Pa. 362 ; Citizens' Passenger Ry. Co. v. Foxley, 107 Pa. 537 ; Howett v. P. W. & B. R. R. Co., 166 Pa. 607.

*Cyrus G. Derr*, with him *Rourke & Heinly*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, April 1, 1901:

This was a most singular accident. So far as the evidence discloses, it is not known how Kupp fell into the open hatchway. In fact it is not at all clear how much of the hatchway was open at the time of the accident and whether Graeff had opened it sufficiently to admit Kupp's body. The only testimony as to what occurred about the time of the accident is that given by Charles H. Graeff, a witness called by the plaintiff. The very unsatisfactory manner in which he was examined by counsel and his equally indefinite replies, render it impossible for us to determine accurately the facts of the occurrence. The relative positions of the parties and the hatchway were given the court below and the jury by illustrations on the floor of, and by reference to objects and persons in, the court room. This necessarily resulted from the form of the questions put to the witness. The examination of the witness as thus conducted may have been quite satisfactory and clear to those who saw as well as heard him testify, but to a reader of the testimony as it appears in the paper-book, it is confusing and unintelligible. If, therefore, this appeal is disposed of on a misapprehension of the facts as they appeared in the trial court, the fault does not lie with us.

The learned trial judge before whom Graeff's testimony was given says in his opinion, discharging the rule to take off the nonsuit, that it is difficult to see how it was possible for the deceased to have fallen into the hatchway with the trap door raised as the witness alleges it to have been done. Without having the opportunity of seeing as well as hearing this testimony, the same quandary presents itself to us. When Graeff appears in the presence of Rummel and Kupp, they are engaged in conversation two feet apart and two or three feet east of the

closed hatchway, Kupp with his back to it and Rummel facing him. As Graeff approached, the defendant turned to him and asked, "What do you want?" Kupp then turned without stepping away and was looking on a piece of paper, when Graeff replied to the defendant that it was necessary to open the hatchway. The defendant, pointing to the hatchway, said to Graeff, "Then go." Graeff then left the other parties talking and opened the hatchway in the manner he attempted to describe. He took hold of the two rings in the trap door and pulled the door open on the north side, about three feet, three inches. The deceased was at that time between two and three feet away, with his back to the hole. The next information Graeff gives us is that he heard an exclamation down the hatchway and then saw that Kupp was there. He didn't see him fall, and of course does not know how he got in the hatchway. Graeff says that when he was raising the trap door, Kupp had his back to him. How this could be and how Kupp could fall into the hatchway with the door in the position described by Graeff, is not apparent from the testimony and seems impossible.

The deceased was employed as a carpenter by the defendant and had his bench on the second floor of the building, about six feet away from the trap door. He, therefore, knew the place well and of course, knew the location of the hatchway and its purpose, and that it might be open at any time. His duty, therefore, required him to be on his guard and to exercise care when he approached the place. The fact that he saw it closed at any one time did not warrant him in assuming that it would remain closed nor relieve him from the duty of always approaching it with care. The deceased possessing a knowledge of the use and location of the hatchway, the defendant was not required to give him notice on each occasion when it became necessary to open it. He had a right to rest on the assumption that Kupp would observe his duty and use his senses when he was in the proximity of the hatchway.

Such being the relative rights and duties of the parties, we fail to see that under the facts of this case as we understand them from the testimony, the defendant neglected any duty which occasioned Kupp's injuries. Let it be assumed that the hatchway was opened by the direct command of the defendant, yet it was done as an ordinary transaction in carrying on the

defendant's business and which the deceased presumably knew was frequently done. This could not impute a charge of negligence. Nor would the fact that the deceased was within a short distance of the place with his back to it when it was ordered to be opened, raise such an imputation. The opening of the trap door under the circumstances did not necessarily place Kupp in danger. It became dangerous only like any other safe place or object frequently becomes, by reason of the failure of the deceased to observe ordinary precaution in moving from the place of safety which he occupied. It did not create a trap exposing the deceased to danger. Hence under the evidence presented in the court below, the defendant is not justly open to the charge of negligent conduct for which he is liable in this action.

In the trial of a cause which may be reviewed by a court of appeal, the examination of witnesses should be so conducted that the testimony when read would be intelligible. Unless this precaution is observed, an appellate court cannot review the evidence and determine whether the trial court has erred in withdrawing the cause from the jury. When the witness illustrates or describes the locus in quo and the positions of the parties to the occurrence by reference to objects in the court room as was done in this case, his testimony furnishes no information whatever to this court in determining facts which his evidence should establish. In cases similar to the one under consideration, an accurate plan of the place where the accident occurred, of convenient size, should be used on the trial and accompany the paper-book on appeal. This would be of great assistance to the jury during the trial and almost equally advantageous in the argument and the consideration of the case in the appellate court.

The assignments of error are overruled and the judgment is affirmed.