# Maculuso *v.* Humboldt Fire Insurance Co. of Pittsburgh, Appellant.

*Appeals—Assignments of error—Charge—Points—Request to place on record—Exceptions—Additional instructions—Failure to ask—Rule for new trial—Reasons for new trial.*

1. Where a defendant at a trial takes no exception to the charge, asks for no additional instructions, although given an opportunity to do so, and fails to request that the charge and points be brought upon the record, he cannot nullify the legal results of such omissions by attempting to raise in the appellate court several questions presented to the court below, on a motion for a new trial, and by assigning the refusal of that motion for error.

*Insurance—Fire insurance—Proofs of loss—Evidence — Explanation of wrong statement in proof of loss.*

2. In an action on a policy of fire insurance, the plaintiff may be permitted to explain away a statement, in its proof of loss, to the effect that the insured premises were unoccupied at the date of the fire and had been so for a period of time, which statement, if correct, would have defeated the right to recovery.

Argued October 10, 1921. Appeal, No. 27, Oct. T., 1921, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1919, No. 1010, on verdict for plaintiff, in case of Josephine Maculuso v. The Humboldt Fire Insurance Company of Pittsburgh. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before STONE, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,090. Defendant appealed.

*Errors assigned* were (1) refusal to grant a new trial for error in admission of testimony in certain parts of the charge of the court and because the verdict was against the weight of the evidence, and (2, 3), portions of the charge, quoting the reasons for a new trial and the portions of the charge, respectively.

*Charles W. Dahlinger,* for appellant.

*Prichard & Trent,* for appellee, were not heard.

PER CURIAM, January 3, 1922:

Defendant company insured plaintiff's house; a fire occurred; plaintiff sued and recovered a verdict, on which judgment was entered; defendant has appealed.

The principal complaint is that plaintiff was permitted to explain away a statement, in its proof of loss, to

the effect that the insured premises were unoccupied at the date of the fire and had been so for a period of time; which statement, if correct, would have defeated her right of recovery. There was no error in this: Lebanon Mutual Ins. Co. v. Kepler, 106 Pa. 28, 34; Holleran v. Life Assurance Co., 18 Pa. Superior Ct. 573, 576; Baldi v. Metropolitan Ins. Co., 18 Pa. Superior Ct. 599, 612.

Under the circumstances presented, we need not pass specifically on the several assignments; an investigation of the record, however, discloses no reversible error. At trial defendant took no exception to the charge, nor did it seek additional instructions, on the questions concerning which complaint is now pressed, when asked by the presiding judge whether counsel had any suggestions to submit; moreover, it failed to request that the charge and points be brought upon the record: Ward v. Babbitt, 270 Pa. 370.

Defendant seeks to nullify the legal results of the omissions just mentioned by attempting to raise in this court several questions presented to the court below on a motion for a new trial, and by assigning the refusal of that motion for error; but such practice is not permitted. In Bank of Mifflintown v. Bank of New Kensington, 247 Pa. 41, 43, we said: "Appellant, having failed to take any exception to the direct action of the court, attempted to evade the result of its omission by making the rulings the subject of a motion for a new trial, then excepted to the refusal of the court to sustain this motion and assigned such refusal as error; this is a practice which cannot be approved or permitted."

The judgment is affirmed.