# I. F. Huntzinger Company, Appellant, *v.* Edward A. Devlin.

*Agency—Attorney and client — Scope of authority — Printing paper-books—Liability for cost of books—Case for jury.*

It is within the scope of the authority of an attorney to bind his client for the printing of paper-books in an appeal, but where, in an action by a printer against the client for the cost of printing such books, there is evidence that the printer had notice that the attorney was taking the appeal on his own responsibility, and was liable for the costs of printing, the case is for the jury, and a verdict for the defendant will be sustained.

*Appeals—Superior Court—Rule 26—Assignment of error—Admission of evidence.*

Assignment of error relating to the admission of evidence which do not comply with requirements of Rule 26 will be disregarded.

64    HUNTZINGER CO., Appellant, *v.* DEVLIN.

Statement of Facts—Opinion of the Court. [83 Pa. Superior Ct.

Argued October 19, 1923.  Appeal, No. 149, Oct. T., 1923, by plaintiff, from judgment of Municipal Court of Philadelphia, April T., 1921, No. 784, on verdict for defendant in the case of I. F. Huntzinger Company v. Edward A. Devlin.  Before Orlady, P. J., Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ.  Affirmed.

Assumpsit on book account.  Before Walsh, J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant and judgment thereon.  Plaintiff appealed.

*Errors assigned* were various rulings on evidence and refusal of plaintiff's motion for a new trial.

*W. I. Summerfield,* and with him *Maxwell Pestcoe,* for appellant.

No appearance and no printed brief for appellee.

Opinion by Porter, J., February 29, 1924:

This is an action to recover a bill for printing a paperbook and the record, in a former appeal to this court, in which the present defendant was the appellant.  The trial in the court below resulted in a verdict and judgment in favor of the defendant, and the appeal is by the plaintiff.

The only question involved in this case was one of fact.  The representative of the plaintiff who received of the attorney for the defendant the order to do the printing in question testified that the order was given in the usual manner; that nothing was said about Powell, the attorney for the defendant, having taken the appeal upon his own responsibility or that he alone was to be individually liable for the cost of the printing.  Powell testified that when he gave to Lyle, the representative of

the plaintiff, the order to do the printing he distinctly notified him that Devlin was not responsible for what he was doing, that he was taking the appeal upon his own responsibility, and that he alone was to be individually liable for the cost of the printing. This was the only issue raised by the pleadings and which arose out of the evidence. The court instructed the jury, in substance, that it is within the scope of the authority of an attorney to bind his client for the printing of the brief and record, in an appeal, and that this defendant was liable for the cost of this printing, unless the jury were satisfied from the evidence that the plaintiff had express notice, at the time the order was given, that Powell alone was to be individually liable and that Devlin was not to be charged. This question of fact, the only question really involved in the case, was left by the court to the jury with instructions in all respects proper and of which we have here no complaint. The case was one which must necessarily be submitted to a jury, the evidence was conflicting and the credibility of the witnesses was for the jury; it is not for us to say that the verdict was against the weight of the credible evidence, nor would we be warranted in declaring that the court was guilty of an abuse of discretion in refusing a new trial. The second, third, fourth and fifth assignments of error refer to exceptions to the admission of evidence, and offend against Rule 26, in that they do not quote the evidence which was admitted under the exceptions, nor is any attempt made to excuse compliance with that rule in the manner provided by Rule 36. Those assignments of error are for this reason disregarded. All the assignments of error are dismissed.

The judgment is affirmed.