# Commonwealth *v.* Prescott, Appellant.

*Criminal law—Murder — Degree — Defense — Drunkenness — Charge of court.*

1. A defendant charged with murder and setting up drunkenness as a defense cannot complain of a charge which in effect instructed the jury that to constitute murder of the first degree required an intent to take life, and that if the jury were persuaded by the weight of the evidence that defendant was at the time too drunk to form such intent it would reduce an offense otherwise murder of the first degree, to that of second degree.

*Criminal law—Murder—Charge—Contention of parties—Voluntary manslaughter—Excerpts—Assignments of error.*

2. A trial judge may properly explain to the jury the contention of the respective parties, particularly when done in such a manner as to show that he is not expressing his own views.

3. An excerpt taken from a particular part of a charge, and assigned as error, is not ground for reversing a conviction in a murder case, where it appears that the excerpt taken with its context correctly states the law.

4. The principle that a misstatement of law in one part of a charge is not necessarily cured by a correct statement in another part, is not applicable to such a case.

5. A defendant in a murder case cannot complain that the trial judge failed to apply the law as to voluntary manslaughter to the facts of the case, where no facts have been disclosed tending to reduce the offense to manslaughter.

*Criminal law—Murder — Written statement — Refusal to send statement out with jury—Discretion—Appeal — Review — No exceptions.*

6. Where a defendant in a murder case gave the officers of the law a written and sworn statement of the facts, substantially as he afterwards testified at the trial, and such statement is produced by the Commonwealth at the trial and given in evidence by defendant without objection, it is not error to refuse to permit such statement to be sent out with the jury.

7. Such statement, being substantially a repetition of defendant's evidence, was immaterial.

8. Where no exception was taken to the refusal to send it out, the appellate court cannot consider the matter on appeal.

9. What papers shall go out with the jury is largely a matter in the discretion of the trial judge, with which an appellate court will not interfere in the absence of manifest abuse of discretion.

Argued September 29, 1925. Appeal, No. 130, March T., 1925, by defendant, from judgment of O. & T. Allegheny Co., June T., 1924, No. 89, on verdict of murder of the first degree in case of Commonwealth v. George H. Prescott. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Indictment for murder. Before McPHERSON, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree, on which sentence was passed. Defendant appealed.

*Errors assigned* were various rulings and instructions appearing by the opinion of the Supreme Court, quoting record.

*Jacob Shulgold,* with him *George Wasser,* for appellant.—In a murder case, where a written confession is made by defendant and offered in evidence by defendant's counsel, but is not read to the jury, the court may not refuse to permit said written confession to be sent out with the jury: Chitwood v. Ry., 266 Pa. 435.

It is not for a court, in any portion of its charge, to say unqualifiedly that the crime of the prisoner is murder of the first degree: Com. v. Frucci, 216 Pa. 84; Com. v. Gerade, 145 Pa. 289; Com. v. Molten, 230 Pa. 399; Com. v. Wooley, 259 Pa. 249; Com. v. Ross, 266 Pa. 580.

*Andrew T. Park,* Assistant District Attorney, with him *Samuel H. Gardner,* District Attorney, for appellee, cited, as to statement going out with jury: Com. v. Brown, 264 Pa. 85.

OPINION BY MR. JUSTICE WALLING, November 23, 1925:

This appeal is from sentence on conviction of murder of the first degree.   About seven years prior to the homicide the defendant, George H. Prescott, became acquainted with Fern F. Thase, the deceased, and her husband, through the sale by him to them of a piano on the installment plan, following which he made monthly visits to the Thase home to collect the installments, which were paid by Mrs. Thase.   Thereby a friendship arose beween her and the defendant.   The latter was also a friend of Mr. Thase and a frequent visitor and diner at their home for several years.

On the morning of April 8, 1924, defendant went to the Thase home in Pittsburgh where he found Mrs. Thase alone and after some conversation drew a razor and in spite of her cries and entreaties slashed her twice across the throat, then pursued her some thirty-eight feet into the bath room and deliberately shot her through the heart, with a 38 calibre revolver, causing her death. Defendant then washed his hands, left the house and disappeared.   When arrested the same day, he said, "I did it; I did it," and on entering the police station inflicted a serious cut upon his throat in an attempt to commit suicide.   Later defendant intimated the crime was prompted by jealousy, stating that he committed it for fear the deceased would go away with another man.   At another time he expressed regret for what he had done.

When brought to trial the only defense was drunkenness and defendant testified he had taken two drinks from a bottle that morning with an acquaintance and later a glass of wine given him by Mrs. Thase, and that thereafter he had no recollection of what took place until he found himself in the hospital some days later.   There was no evidence, aside from defendant's own testimony, of his having drunk anything on the morning of the homicide, but there was some evidence that he was intoxicated later in the day, and some that he was not. Considering all the evidence, including what defendant

did and what he later said he did that morning, the great weight of the evidence is against the defense of intoxication, and the jury rightly rejected it.

The effect of the charge as to this defense was that to constitute murder of the first degree required an intent to take life; if the jury were persuaded by the weight of the evidence that defendant was at the time too drunk to form such intent it would reduce an offense otherwise murder of the first degree to that of the second degree. This was all to which defendant was entitled and although some criticism is directed to the language of the trial judge in that regard, it was free from substantial error.

A paragraph of the charge asserted the Commonwealth's contention and stated it as such at the commencement, in the middle and at the end of the paragraph; the latter, omitted from the assignment of error, stated: "That is the contention of the Commonwealth, and they claim that the evidence proves that beyond a reasonable doubt." The trial judge may properly explain to the jury the contentions of the respective parties, particularly when done, as here, in such manner as to show he is not expressing his own views. Complaint is made of some other excerpts from the charge, but when taken, as they must be, in connection with the context, they are free from error. In Com. v. Russogulo, 263 Pa. 93, the rule is summarized as follows: "An excerpt taken from a particular part of the charge, and assigned as error, is not a ground for reversing a conviction in a murder case, where it appears that the excerpt taken with its context correctly states the law." The principle contended for, that a misstatement of law in one part of the charge is not necessarily cured by a correct statement in another part, is sound (Com. v. Wooley, 259 Pa. 249, 253; Com. v. Divomte, 262 Pa. 504; Com. v. Ross, 266 Pa. 580, 584) but not applicable where the part complained of, taken with its context, shows no error.

Complaint is made that while the trial judge properly stated the law as to voluntary manslaughter he failed to apply it to the facts of this case. But there was not a fact in the case tending to reduce the offense to manslaughter. True, a witness for the Commonwealth, in detailing defendant's confession, said the latter claimed the deceased struck him first, but defendant made no such claim in his testimony; that was at most a self-serving declaration and even if true would not mitigate the murder committed as above described. The trial judge properly instructed the jury, in effect, that, if they were satisfied beyond a reasonable doubt from a consideration of all the evidence that defendant killed the deceased and that his act was wilful, deliberate and premeditated and that he had an intent to kill, he would be guilty of murder of the first degree, unless they found by the preponderance of the evidence that he was so drunk his mind was incapable of forming such intent.

Three weeks after the homicide, defendant gave the officers a written statement signed and sworn to, stating his version of the occurrence substantially as he testified at the trial and denying all knowledge of what occurred after he drank the glass of wine. The Commonwealth produced this statement at the trial and, without objection, it was given in evidence by the defendant. As his counsel might have read the statement to the jury, whether he did so or not is immaterial. However, at the completion of the charge, he requested that the statement be sent out with the jury, which request the trial judge refused. The error assigned thereto cannot be sustained for several reasons. In the first place, it is not properly before us, as no exception was taken thereto. Again, the statement, being substantially a repetition of defendant's testimony, was immaterial, especially as there was no contention that such testimony was a recent fabrication. Moreover, what papers shall go out with the jury is largely in the discretion of the trial judge, with which an appellate court

will not, as a rule, interfere: Com. v. Brown, 264 Pa. 85; Little Schuylkill Navigation Co. v. Richard's Administrator, 57 Pa. 142; Com. v. R. R. Co., 23 Pa. Superior Ct. 235; 16 C. J., p. 1083; Thompson and Merriam on Juries, section 383. Like other matters of discretion, a manifest abuse thereof may be corrected on appeal: Chitwood v. Phila. & R. Ry. Co., 266 Pa. 435, 438, and cases there cited; and see also Kupp v. Rummel, 199 Pa. 90, 93.

The case was tried with great care and the defendant was accorded every legal right. The verdict was the logical result of the evidence and a careful examination of the entire record discloses no ground for reversal.

The judgment is affirmed and the record is ordered remitted for the purpose of execution.