## Charles Finkbeiner, Appellant, *v.* Philadelphia Rapid Transit Company.

*Appeals—Assignments of error—Rule of Superior Court—Rules 26 and 36.*

An assignment of error relating to the admission or rejection of evidence will not be considered, which does not quote verbatim the question or offer, the objection thereto, the ruling of the Court thereon, and the evidence admitted, rejected or stricken out, or which the Court refused to strike out, in accordance with Rule 26 of the Rules of the Superior Court.

An assignment of error will not be sustained which violates the provisions of Rule 36 of the rules of the Superior Court, requiring that where the matter assigned as error is over a page long, it must be enclosed in brackets in the Record, so as to show the points of starting and ending, with the number of the assignment placed on the margin opposite the first bracket.

A point which does not limit the jury to the consideration of the evidence is bad in form, and should be refused without qualification.

Argued October 14, 1925. Appeal No. 130, October T., 1925, by plaintiff, from judgment of C. P. No. 3, Philadelphia County, June T., 1923, No. 11124, in the case of Charles Finkbeiner v. Philadelphia Rapid

Transit Company, a corporation. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McMICHAEL, P. J.

Verdict for plaintiff in the sum of $700.00, and judgment thereon. Plaintiff appealed.

*Errors assigned* were various rulings on evidence, and the charge of the court.

*Samuel L. Borton,* of *Schembs & Borton,* for appellant.

*Layton M. Schoch,* for appellee.

PER CURIAM, October 29, 1925:

The first and second specifications of error violate Rules 26 and 36 of this court and cannot be regarded. The third specification of error refers to the refusal of the second point submitted by the plaintiff for charge, the material part of which point was as follows: "If the jury believe that the future earning capacity of the plaintiff was diminished, &c." and contained no suggestion that the finding of the jury must be based on the evidence. The point was bad in form as not limiting the jury to the consideration of the evidence. If this instruction had been given as requested it would have been misleading, because the jury might form such a belief without any evidence on which to found it. The point was properly refused: Commonwealth v. Nazarko, 224 Pa. 204; Dinch v. Workman, 75 Pa. Superior Ct. 101.

The judgment is affirmed.