## Commonwealth *v.* Harlos et al., Appellant.

*Criminal law—Assault and battery—Charge of Court.*

In the trial of an indictment for aggravated assault and battery, a verdict of guilty will be sustained where the evidence on the part of the Commonwealth is sufficient to warrant a conviction.

When the charge of the Court, taken as a whole, properly instructed the jury in accordance with the evidence, a single excerpt from which some erroneous conclusion might have been drawn does not constitute a reversible error.

An excerpt, taken from a particular part of the charge and assigned as error, is not ground for reversing a conviction where it appears that the excerpt taken with its context correctly states the law.

Argued November 15, 1927. Appeals Nos. 263, 295, 296 and 274, October T., 1927, by defendant from judgment and sentence of O. and T. of Blair County, March T., 1927, Nos. 15 and 50, in the case of Commonwealth of Pennsylvania v. W. P. Harlos, Harry Hart and Rufus Armstrong. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for assault and battery. Before HARE, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were the charge of the court and refusal to grant a new trial.

*O. K. Eaton,* for appellant.

*Marion D. Patterson,* District Attorney, and with him *Frank G. Fisher,* Assistant District Attorney, for appellee.

OPINION BY PORTER, P. J., December 15, 1927:

The defendant was tried upon an indictment which contained three counts. The first count charged assault and battery; the second charged assault and battery and with a blunt instrument the infliction of grievous bodily harm, commonly called aggravated assault and battery; and the third count charged felonious assault and battery. The jury returned a verdict of guilty on all the counts, but the court set aside the verdict as to the third count, felonious assault and battery, and sentenced the defendant on the second count. The defendant appeals and assigns for error an excerpt from the charge of the court and the refusal of a new trial.

The assault occurred in a hotel room in which there were at the time a number of persons present. Thomas Dailey, the prosecutor, night clerk of the hotel, was called to the room shortly after midnight and that an assault was made upon him and grievous bodily harm inflicted by some person then present cannot be doubted. This appellant was separately indicted, the indictment charging that he had committed the assault and inflicted the injuries. The other persons then present were charged with the same offense in a separate indictment. By agreement all the parties named in either of the indictments went to trial at the same time and before the same jury. The result of this

was that the learned judge of the court below was required in his charge to instruct the jury as to the principles applicable, under the evidence, to the cases of each of the defendants on trial.  There was no evidence from which a jury should have been permitted to infer that any person other than this appellant had struck a blow.  There was the direct and positive evidence of the prosecutor that Harlos had struck him a violent blow on the head with a blackjack and that he was by the blow rendered unconscious and so continued for a considerable period of time.  All the persons charged in the other indictment were actually present when the assault occurred and with regard to the persons other than this appellant who were upon trial, the question was whether they were present aiding, abetting and encouraging the principal offender and it was for the jury to determine, under the evidence, who, if any, of those other persons had counseled and encouraged the principal offender to commit the assault, their presence at the time of the assault being admitted.  It is, therefore, manifest that when the court came to charge the jury those things which were said to the jury with regard to the guilt or innocence of the other defendants were not applicable to the case of this appellant and the jury could not possibly have so understood it.  This appellant testified in his own defense that he did not make the assault, that he knew nothing about it until the next morning and that he was at a place some distance from the hotel at the time of the occurrence.  He called a number of witnesses who testified to his alibi.  The only question upon which the jury could pass, under the evidence, was whether the testimony of the prosecutor or that of this appellant was to be believed.  The jury could not possibly have understood the charge of the court, when that charge is considered as a whole, as submitting to them any question other than whether

this appellant had struck the blow which rendered Dailey unconscious and very seriously injured him.

The appellant assigns for error the following excerpt from the charge of the court: "If, however, from all the evidence you are satisfied beyond a reasonable doubt that Dr. Harlos was present at the time and place of the assault upon Dailey and that he either committed the assault directly or participated in it, induced it, incited, was present encouraging it, aided and abetted the one who committed it or after the offense was committed that he rendered assistance to the felon, aided him to escape, or concealed by misrepresentation to the authorities the knowledge of the crime and the criminal, thus preventing the apprehension of the felon, then he would be guilty of the offense averred in the indictment: that is, the first, second and third counts—assault and battery, aggravated assault and battery and felonious assault and battery." If this instruction were to be wrested from its context, and it had been the only instruction given to the jury upon that branch of the case we would be compelled to hold it erroneous. The part of the instruction that, if the jury were satisfied that the defendant "after the offense was committed that he [the defendant] rendered assistance to the felon, aided him to escape, or concealed by misrepresentation to the authorities the knowledge of the crime and the criminal, thus preventing the apprehension of the felon, then he would be guilty of the offense averred in the indictment," standing alone, would have led a jury to believe that although the defendant had nothing to do with the perpetration of the offense, yet, if after the offense was committed he merely aided the principal offender to escape, it would be their duty to convict the defendant of the offense charged in the indictment. If the defendant had done the things recited in this particular part of the instruction he could only, at most,

be held to be an accessory after the fact and he would not be guilty of the offenses charged in the indictment. An accessory after the fact, in Pennsylvania, is guilty of a substantive offense for which, in felonies, a specific punishment is provided: Act of June 3, 1893, P. L. 286, amending Section 45 of the Act of March 31, 1860, P. L. 440. If the offense is only a misdemeanor, such as assault and battery, one who receives, relieves, comforts or assists the principal offender, without more, is not guilty of an indictable offense.

The difficulty with the contention of the appellant is that the instruction complained of is not all that was said upon the subject by the trial judge in his charge to the jury. In the sentence immediately following that assigned for error the court said to the jury: "And the same applies to the other defendants (naming them). It is not contended by the Commonwealth that any of these defendants, save W. P. Harlos, actually committed the assault upon Dailey. But the contention of the Commonwealth is that (naming the other defendants) were present aiding and abetting Harlos, inciting the commission of the crime; encouraging the commission of the crime, and if you find from all of the evidence, beyond a reasonable doubt .........that any one of these defendants was present, aiding and abetting, and encouraging the offender, then you would be warranted in rendering a verdict of guilty as to such one upon any one of the first, second or third counts of the indictment." That this statement is correct is clearly established by the evidence, which contained nothing which even remotely indicated that any person other than this appellant had directly participated in the assault. The entire charge clearly indicated to the jury that in order to convict Harlos they must be satisfied beyond a reasonable doubt that he struck the blow which rendered the prosecutor unconscious. The excerpt from the charge complained of must be taken in connection

with the context and as so taken it did not involve reversible error. "An excerpt taken from a particular part of the charge, and assigned as error, is not a ground for reversing a conviction in a murder case, where it appears that the excerpt taken with its context correctly states the law:" Commonwealth v. Russogulo, 263 Pa. 93. "The principle contended for, that a misstatement of law in one part of the charge is not necessarily cured by a correct statement in another part is sound.........but not applicable where the part complained of, taken with its context, shows no error:" Commonwealth v. Prescott, 284 Pa. 258. The first assignment of error is overruled.

The evidence produced by the Commonwealth was sufficient to warrant a conviction upon the first and second counts of the indictment; the learned judge of the court below had the witnesses before him and was in a better position than an appellate court can be to judge of their credibility. We are not convinced that the refusal of a new trial involved an abuse of discretion by the court below. The conviction upon the second count of the indictment was sufficient to sustain the sentence imposed. The second and third assignments of error are dismissed.

The judgment is affirmed and the record remitted to the court below, and it is ordered that the appellant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.