## Commonwealth *v.* Murphy, Appellant.

*Criminal law—Robbery—Confession of accomplices—Exhibits to be sent out with jury—Discretion of the court.*

In the trial of an indictment for robbery, the written confessions of three accomplices were admitted in evidence, and later denied by the accomplices as to the parts thereof which implicated the defendant. The trial judge permitted the confessions to be sent out with the jury, after charging them to give no more weight to the exhibits sent out than to any other evidence in the case.

Under such circumstances the sending out of the confessions with the jury was not an abuse of the discretion of the court.

What papers shall go out with the jury is largely in the discretion of the trial judge with which an appellate court will not, as a rule, interfere. The confessions were not depositions nor were they transcripts of the testimony of the witnesses given at the trial, so that the action complained of was not within the rule prohibiting the jury against objection, from taking out depositions or transcripts of the oral evidence given in the trial. The general practice in Pennsylvania is to send out with the jury all books and papers regularly received in evidence, except depositions, which being in the nature of oral testimony, are not allowed to be sent out.

Argued November 18, 1927. Appeal No. 1459, April T., 1928, by defendant from judgment of O. & T. Allegheny County, June Sessions, 1927, No. 6, in the case of Commonwealth of Pennsylvania v. Joseph Murphy.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Indictment for robbery.  Before GRAFF, P. J., of the 33rd Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.   Defendant appealed.

*Error assigned,* among others, was in permitting written confessions to be sent out with the jury.

*Harry A. Estep,* and with him *J. I. Simon,* for appellant.

*John F. Haggerty,* Assistant District Attorney, and with him *Samuel H. Gardner,* District Attorney, for appellee.

OPINION BY LINN, J., December 15, 1927:

Appellant and four others were indicted for robbery. The four pleaded guilty.  Appellant was tried and convicted.   Only one point is properly raised for review here; was there abuse of discretion in permitting certain exhibits (the signed confessions of the four accomplices ) to go out with the jury in the circumstances disclosed by the evidence?

On the night of April 7th, 1927, appellant and the four who pleaded guilty "held up" a club in Pittsburgh and took a large sum of money.   There is evidence that appellant suggested the robbery and arranged with several of his accomplices to come from Detroit, Michigan, to do it; he engaged accommodations for them at a hotel and registered them under fictitious names, as from Johnstown, Pa., though he knew they did not reside there.   He was acquainted with the club, drove his accomplices there in an automobile, waited for them

until they had completed the robbery, and then drove them away to the hotel and divided the stolen money. He was arrested in Pittsburgh April 8th; his four accomplices were arrested in Detroit and were brought back to Pittsburgh April 12th. On that date each accomplice made a confession implicating appellant in the robbery. On the same day the police confronted him with the accomplices, one at a time, and read to him the confession of the accomplice then present. There is evidence that appellant remained silent under the charges against him so made in his presence. Proof of that fact was relevant: Com. v. Brown, 264 Pa. 85, 91, 92. See also Wigmore on Evidence Ed. of 1904, Vol. 2, Sec. 1071. It is undisputed that he understood what his accomplices charged against him. The charges, if true, were of matters within appellant's knowledge; he was at liberty to speak; if untrue, they would naturally call for reply; the meetings were not in the course of judicial hearing, (cf. Com. v. Zorambo, 205 Pa. 109), and the circumstances were such as to render it more reasonably probable that the accused would reply to the accusations than he would remain silent. In fact, he himself testified that after one of the accomplices left, appellant denied the truth of statements implicating him, and gave for a reason for not denying it when accomplice was present that he had been told not to do so. The verdict, of course, settles that dispute against appellant.

At the trial the four accomplices after pleading guilty, were called to testify on behalf of appellant, and, speaking generally, testified that specified parts of their confessions implicating appellant were untrue; that they had implicated him because when made, they had suspected that appellant had given information to the police leading to their arrest in Detroit, one of them saying: "......us being caught in Detroit was sufficient proof that Murphy had told we were in the job. We figured that Murphy had found out some way

and told we were in the job, so because misery loves company, we decided to take Murphy with us.'' These denials were made during his examination in chief as each accomplice on the witness stand was confronted with his confession, and they were also the subject of cross examination. After the charge to the jury, of which no complaint is made, the court was asked by the Commonwealth to send out with the jury the exhibits—the confessions of the accomplices. Appellant objected that ''it would be giving undue weight to a portion of the testimony.'' The trial judge overruled the objection, but cautioned the jury that the exhibits were not sent out for the purpose of enabling the jury to give more weight to them than to the other evidence in the case, which, he said, must not be done, and that on the contrary, the papers were entitled to no more weight than if the jury ''were depending on [their own] memory.''

In the circumstances we agree that appellant has no substantial cause of complaint. The general rule on the subject was recently stated in Com. v. Prescott, 284 Pa. 255, 259, in dealing with a confession offered in evidence by the defendant which the court declined to send out with the jury; one of the reasons given for sustaining the action of the court was as follows: ''Moreover, what papers shall go out with the jury is largely in the discretion of the trial judge, with which an appellate court will not, as a rule, interfere; Com. v. Brown, 264 Pa. 85; Little Schuylkill Navigation Co. v. Richard's Administrator, 57 Pa. 142; Com. v. R. R. Co., 23 Pa. Superior Ct. 235; 16 C. J., p. 1083; Thompson and Merriam on Juries, Section 383. Like other matters of discretion, a manifest abuse thereof may be corrected on appeal; Chitwood v. Phila. & R. Ry. Co. 266 Pa. 435, 438, and cases there cited; and see also Kupp v. Rummel, 199 Pa. 90, 93.''

The confessions were not depositions, nor were they transcripts of the testimony of the witnesses given in

this trial, so that the action complained of was not within the rule prohibiting the jury against objection from taking out depositions or transcripts of oral evidence given in the trial.—"It has long been the general practice in Pennsylvania to send out with the jury all books and papers regularly received in evidence, except depositions, which, being in the nature of oral testimony, are not allowed to be sent out." Com. v. Stanley, 19 Pa. Sup. Ct. 58, 68.

We need not consider the objection to receiving the confessions in evidence; as no exception was taken, the objection was waived. The assignments of error are overruled, the judgment is affirmed, and it is ordered that the defendant, appellant, appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part thereof that has not been performed at the time this appeal was made a supersedeas.