Porter *v.* Frank & Seder, Inc., Appellant.

Argued April 22, 1932.

Before TREXLER, P. J., GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Henry Kauffman,* and with him *Louis Little,* for appellant.

*Robert R. Elder,* for appellee.

OPINION BY PARKER, J., July 14, 1932:

This is an action brought to recover the value of a seal coat left by the plaintiff with the defendant for repairs and which the plaintiff alleged the defendant failed to return. The assignments of error relate to the admission of evidence and the charge of the court.

The first and second assignments of error offend against Rule 26 of this court in that they do not "quote verbatim the question or offer, the objection thereto, the ruling of the court thereon and the evidence admitted," nor is there any attempt made to excuse compliance with that rule in the manner provided by Rule 36. These assignments will therefore, be disregarded. Huntzinger Co. v. Devlin, 83 Pa. Superior Ct. 63; Finkbeiner v. P. R. T. Co., 86 Pa. Superior Ct. 364.

The third assignment of error complains of the following statement from the charge of the court: "Now the plaintiff has told you that in her opinion this coat was worth to her $500. Of course you have heard the testimony of both sides as to valuation. That is the question for you to determine. If you find for the plaintiff, if you are satisfied that she paid $500, and that that would be the real value, you may find for that. If you are satisfied that a less amount than that would be the true value, you would find in that amount." The argument of the appellant is to the effect that this was an incorrect statement of the measure of damages. If it was all that was said upon the subject, it would at least be inadequate. The diffi-

culty with this contention, however, is that it is quoted without a reference to or consideration of all that was said on the subject. The trial judge had previously recited the evidence on the part of the defendant bearing on the question of damages and immediately preceding the excerpt complained of at considerable length stated the measure of damages applicable in a claim for loss of wearing apparel. The rule as stated was substantially correct and followed that laid down in Lloyd v. Haugh, 223 Pa. 148, 156. In fact, there is no complaint as to that part of the charge. There is also immediately following the clauses covered by the assignment, a further reference to defendant's contention. Considering all that was said on the subject, there was not any error in the statements quoted above. An excerpt taken from a particular part of a charge and assigned for error is not a ground for reversal when it appears that the excerpt taken with its context correctly states the law. Commonwealth v. Harlos, 91 Pa. Superior Ct. 595, 600; Weiss v. London G. & A. Co., 285 Pa. 251, 255.

The fourth assignment of error complains of a part of the charge which undertook to recite the testimony of an expert called on the part of the plaintiff. It was a mere statement of what the witness had said on the subject of depreciation in the value of the coat. The court did not say that this was the measure of damages nor what weight should be given to the testimony for it was only a reference to the evidence produced by the plaintiff just as he had recited other evidence given on behalf of the plaintiff and the defendant. We find no merit in these assignments of error.

Judgment affirmed.