## Darby *v.* Ventresca, Appellant.

Argued December 4, 1939. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Ward Henry,* of *Swartz, Campbell & Henry,* for appellant.

*Robert M. Bernstein* and *Arthur M. Harrison,* for appellee.

OPINION BY MR. JUSTICE DREW, January 2, 1940:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County granting a new trial. The case, which was an action of trespass, was tried before a judge without a jury by agreement of both parties, duly entered into according to the rules of court. An affidavit of defense was filed.

The plaintiff was employed as a laborer in a quarry operated by Nicholas Quartucci. In connection with the work done at the quarry, Quartucci made an oral contract with the defendant, Vincent Ventresca, by the terms of which Ventresca agreed to furnish a mechanical shovel together with a man to operate it and the gasoline necessary to run it, to Quartucci. The latter agreed to pay Ventresca the sum of $5.00 per hour while the shovel was being operated upon his work. While the shovel was being so operated by one Charles J. Mc-Nichol, a part of said shovel came in contact with the

body of the plaintiff and inflicted upon him serious and permanent injuries.

The defense relied upon the alleged contributory negligence of the plaintiff and the further fact that McNichol was at the time of the accident in the employ of Quartucci, and for that reason defendant was not liable for any negligence on McNichol's part.

The trial judge entered a finding in favor of the defendant. Plaintiff filed a motion for a new trial, but this appears to be forbidden by Rule 231 of the Common Pleas Courts, and the motion was overruled for that reason.

Plaintiff filed exceptions to the finding for defendant, and the court filed a very brief opinion in which the exceptions were affirmed and a new trial ordered. This appeal is taken from that order. The opinion of the court merely said "that the finding was not justified by the evidence and that the facts should be further developed. We feel that the interests of justice require a new trial." That this was not satisfactory to defendant and his counsel is not surprising. Since the case was tried without a jury, if the finding of the trial judge was not justified by the evidence, all that was necessary, and it would seem that justice required it, was for the court to reverse the finding and enter a finding in favor of the plaintiff. If the "facts should be further developed," the court should have informed the parties what further evidence was desirable and given them an opportunity to supplement the record thereby. Nothing less than a pure waste of time and money could result from requiring all the evidence in the case to be adduced again. This case has been tried twice and another trial will be the third time that the witnesses have been required to appear and testify. The court should have indicated the exact facts needing further elaboration and what precise circumstances prompted the change of view on the part of the trial judge. This would seem to be the best method to en-

able counsel to carry out the wishes of the court. If the "interests of justice" required a new trial, the court could have briefly given his reasons for so thinking, so that counsel might have an intelligent guide to follow at the new trial.

However, we are not prepared to say that the reasons given by the lower court are not sufficient to invoke the remedy of a new trial. We have in fact no alternative but to affirm the order. In *Reese v. Pittsburgh Railways Co.,* 336 Pa. 299, we recently emphasized the wisdom of according lower courts a wide discretion in the award of new trials. We there pointed out that it would be subversive of justice should we reverse an order of this kind.

Order affirmed.