## Quartz *v.* Pittsburgh, Appellant.

Argued October 30, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*John F. McDonough,* Assistant City Solicitor, with him *Wm. Alvah Stewart,* City Solicitor, for appellant.

*S. C. Pugliese,* of *Margiotti, Evans & Pugliese,* and *A. H. Rosenberg,* for appellee.

OPINION BY MR. JUSTICE STERN, November 25, 1940:

In this action of trespass for negligence plaintiff claimed damages for injuries to various parts of her body and a permanent shock to her nervous system. At the trial she testified that she had previously enjoyed good health, her nervous system had been good, and she had not been in any prior accidents. She was confronted, on cross-examination, with a statement of claim which she had signed and sworn to in a suit brought by her several years before against another defendant, in which she alleged that she had suffered, as the result of the accident there involved, a severe nervous shock and permanent impairment of her nervous system, together with other injuries. Counsel for plaintiff then sought permission to examine her as to the actual extent of her injuries in the former accident, but, on objection by counsel for defendant, was precluded from so doing. Defendant offered in evidence the statement of claim in the prior suit "for the purpose of affecting credibility." This was objected to by counsel for plaintiff because his client had not been permitted to explain its averments. The court admitted the statement of claim and allowed it to be sent out with the jury for their consideration. The verdict was for defendant. The court in banc granted a new trial, saying, in an opinion written by the trial judge: "In permitting the statement of claim in the prior case to be sent out with the jury, the trial judge overlooked the fact that the statement of claim contained other facts regarding the happening of the accident, which the court had declined to allow counsel for plaintiff to prove, and among other things the jury were enabled to read that the plaintiff in the prior case

claimed $10,000 damages, and might very well have reached the conclusion that she actually collected such a sum." Defendant appeals from the granting of the new trial.

It was error to refuse to allow plaintiff to explain, if she could, the discrepancy between her testimony that she had not had any previous accidents or impairment of her nervous system and the fact that in a prior action she had sued for damages because of an alleged accident and had claimed such impairment. A witness confronted by conflicting statements made by him is entitled to the opportunity to explain or reconcile them if possible: *Maculuso v. Humboldt Fire Insurance Co. of Pittsburgh,* 271 Pa. 489, 115 A. 828; *Commonwealth v. Del Vaccio,* 299 Pa. 547, 553, 149 A. 696, 698; *Bank v. Short,* 15 Pa. Superior Ct. 64, 69; *Sweeney v. Floyd,* 90 Pa. Superior Ct. 14, 22; *Commonwealth v. Oyler,* 130 Pa. Superior Ct. 405, 409, 197 A. 508, 510.

As to allowing the jury to take out with them the statement of claim filed in the former action, the rule is well established that, while documentary exhibits ordinarily should be sent out with the jury unless there is some special reason to the contrary,* the matter is one largely within the discretion of the trial judge: *O'Hara v. Richardson,* 46 Pa. 385, 389; *Little Schuylkill Navigation Co. v. Richards's Administrator,* 57 Pa. 142, 148; *Pittsburgh v. Pittsburgh Railways Co.,* 234 Pa. 223, 236, 83 A. 273, 277, 278; *Commonwealth v. Brown,* 264 Pa. 85, 92, 107 A. 676, 679; *Commonwealth v. Prescott,* 284 Pa. 255, 259, 260, 131 A. 184, 185; *Williams v. Lumbermen's Insurance Co.,* 332 Pa. 1, 9, 1 A. 2d 658, 662; *Brenner v. Lesher,* 332 Pa. 522, 528, 2 A. 2d 731, 734.

---

* *Hendel v. Berks & Dauphin Turnpike Road,* 16 S. & R. 92, 97; *Riddlesburg Iron & Coal Co. v. Rogers,* 65 Pa. 416, 418; *Ott v. Oyer's Executrix,* 106 Pa. 6, 19; *Chitwood v. Philadelphia & Reading Ry. Co.,* 266 Pa. 435, 438, 109 A. 645, 646; *Noreika v. Pennsylvania Indemnity Corp.,* 135 Pa. Superior Ct. 474, 479, 5 A. 2d 619, 620, 621.

Here the court in banc, including the trial judge himself, properly felt that the latter had exercised his discretion unwisely, and therefore ordered a new trial. Under such circumstances reversal by an appellate court would not be warranted: *Girard Trust Co. v. Geo. V. Cresson Co.*, 333 Pa. 418, 422; 5 A. 2d 221, 222, 223; *Reese v. Pittsburgh Railways Co.*, 336 Pa. 299, 9 A. 2d 394; *Darby v. Ventresca*, 337 Pa. 220, 223, 10 A. 2d, 389, 390.

The order of the court below is affirmed.