Zank, Appellant, *v.* West Penn Power Company.

Argued March 20, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Morris M. Berger* and *James A. Wright,* for appellants.

*William A. Challener, Jr.,* with him *Challener & Challener,* for appellee.

PER CURIAM, July 19, 1951:

The plaintiffs severally appeal from the judgments entered on verdicts for each of them. The action was for personal injuries received by the wife-plaintiff as the result of an automobile collision with the vehicle of the defendant. The appellants' contention is that the

verdicts were grossly inadequate, and that the inadequacy was caused by errors of law at the trial.

The wife-plaintiff pleaded and offered evidence of serious injuries to her back as a result of which she had a prolonged hospitalization and a loss of earnings of more than $7,000. The date of the accident was November 27, 1946. At the trial the defendant's principal defense was as to damages.

In 1936 the wife-plaintiff had received personal injuries resulting from an automobile accident, and in the instant trial the defendant contended that her permanent injuries in the first accident were the cause of her present alleged disability. With that in view the wife-plaintiff was subjected to cross-examination upon the testimony she *and her witnesses* gave at the prior trial, and portions of that testimony were sought to be used in the instant case, on the theory of affecting her credibility.

Instead of allowing the defendant to use relevant portions thereof, the court, over plaintiffs' objections, directed that the whole of the notes of testimony and plaintiffs' pleadings be admitted. This was error. If *relevant*, the testimony given in the first trial by the wife-plaintiff or her witnesses was admissible in the instant case as to credibility. The appellants contend that *none* of such testimony was admissible, but this is palpably incorrect. The rule is succinctly set forth in 31 C.J.S., Evidence, §311, page 1087, 1089: "The testimony given by or for a party at the trial of a case may be used against him as an admission in the same, or on a subsequent, trial, or even in another action, provided such testimony is material and relevant . . . . *Testimony of third persons* as witnesses in another case are [sic] admissible against a party if the latter is bound thereby because of agency, joint or common interest, or his having vouched for their credibility and impliedly asserted the fact by calling them as wit-

nesses . . ." This is the law of Pennsylvania: *Becker v. Philadelphia,* 217 Pa. 344, 66 A. 564. If the court below had admitted into evidence only the portions of the 1936 trial which affected the plaintiffs' credibility, no fault could be found. But the court admitted *all* of the notes of testimony of that trial, and this included medical testimony on behalf of the previous defendant (in the 1936 trial). The plaintiffs' objection to this should have been sustained.

At the close of the trial all the notes of testimony of the first trial were sent out to the jury, including all the defendant's testimony. While the appellee states that this exhibit went out to the jury without objection, still, the *reception* into evidence of *all* of the notes of testimony of the 1936 trial was error. Since the original objections should have been sustained, it follows that the error was not cured by the accentuation thereof.

Not only this, but not even the relevant portions of the testimony of the 1936 trial could go out to the jury, for the reason that such methods tend to emphasize one part of the testimony above other parts. Normally, neither notes of testimony nor portions thereof can be sent to the jury: *Commonwealth v. Sidney Ware,* 137 Pa. 465, 20 A. 806; *Noreika, to use, v. Pennsylvania Indemnity Corporation,* 135 Pa. Superior Ct. 474, 5 A. 2d 619; *Brenner v. Lesher et al.,* 332 Pa. 522, 2 A. 2d 731. The rule is not affected by the fact that prior notes of testimony are transcribed and therefore in writing.

In *Commonwealth v. Clark,* 123 Pa. Superior Ct. 277, 187 A. 237, the defendant, a state senator, on trial for attempted bribery and extortion offered in evidence a resolution of the Senate. This was received as being relevant to one of the issues. The trial court, however, refused the defendant's request that the resolution itself go out to the jury. The Superior Court sustained

this action of the court below, stating (page 291):
"Exhibits which ought to be sent out to the jury room
are such that will enable the jury, from a close inspec-
tion of the papers, to better determine the facts. Maps,
plans, deeds, or instruments alleged to have been al-
tered or forged, are illustrations of the kind of exhibits
which a jury should have, *but an exhibit which merely
permits the jury to read over again what amounts to
oral testimony already given should not be sent out
unless there is some impelling reason therefor.*" (Italics
supplied). We are of the opinion that the irregular
methods pursued might very well, and probably did,
adversely affect the plaintiffs' verdicts.

Judgment reversed and a new trial ordered.