Alverta **LIVERGOOD** and Omer Livergood, her husband in their own right, and on Behalf of Roy Livergood, Plaintiffs,

v.

S. J. **GROVES & SONS COMPANY**, a Minnesota corporation, Defendant,

v.

Charles **LIVERGOOD**, Third-Party Defendant.

Civ. A. No. 64–114.

United States District Court
W. D. Pennsylvania.

June 21, 1965.

James P. Gill, Pittsburgh, Pa., for plaintiffs.

Donald W. Bebenek, Pittsburgh, Pa., for defendants.

Henry A. Hudson, Jr., Pittsburgh, Pa., for Charles Livergood, third-party defendant.

## OPINION

WEBER, District Judge.

In this diversity negligence action defendant has moved for a new trial on the grounds that the verdict was against the weight of the evidence and that error was committed by the Court in the admission or exclusion of certain evidence. Serious personal injuries were involved and the jury awarded the three plaintiffs a total of $123,157.13.

The disputed issue of negligence concerned which vehicle was extending over on the wrong side of the road at the point of collision. The highway was a winding road bordering the bank of the West Branch of the Susquehanna River and the impact took place on a curve where visibility was limited because of a steep cliff on the other side of the road. Plaintiffs were riding in a passenger car and defendant was operating a flat-bed

truck, the platform being 93 inches wide, loaded with baled hay. Three plaintiff passengers testified that the defendant truck was over the center of the road when they first saw it and that plaintiff driver tried to veer to his right but would have hit the abutting rocks had he been successful in avoiding defendant's truck because of the closeness of this rock cliff to the side of the road. Defendant's truck driver testified that as he rounded the curve he saw plaintiffs' car over on his side of the highway and he tried to veer to the right hand berm. The passenger car hit the left door of the truck cab then went under the left side of the platform striking and displacing the left rear double wheels. These were the only eye-witnesses to the accident. The physical evidence of debris, tire marks and the final position of the vehicles was inconclusive to establish the actual point of impact. There was no center line marked on the road.

The matter was thus one solely for the jury on the issue of credibility of testimony. The jury, by special interrogatories, found defendant's driver guilty of negligence and found plaintiff driver, joined as a third-party defendant, free of negligence.

■ It is the jury's function to compare conflicting testimony, Majewski v. Lempka, 321 Pa. 369, 183 A. 777. Where conflicting testimony cannot be reconciled, the issue must be solved by the jury on the basis of credibility. Coleman v. Denio, 411 Pa. 148, 191 A.2d 270. We cannot find that the verdict was against the weight of the credible evidence.

Plaintiff offered a witness who stated that he had passed the defendant's truck about a quarter of a mile before the place of the accident and that he had been forced off the road. Objection to this was made and sustained, whereupon plaintiff made an offer of proof and the Court took and recorded the proposed testimony outside the hearing of the jury. The testimony was to the effect that the witness was forced off the road because the defendant truck was over the center of the highway and because the load was too wide. The Court, on defendant's objection, excluded the testimony.

Four days later in the trial the defendant testified in detail as to the size of his load both on direct and cross-examination. On cross-examination he denied that he had forced any driver off the road or that his load extended over the edge of the truck platform.

Plaintiff then in rebuttal moved to have the testimony of the excluded witness read to the jury to contradict and impeach defendant's driver on the two matters. By this time the Court had a different view of its relevancy and allowed the previously recorded testimony to be read to the jury for impeaching purposes. The jury was specifically cautioned at the time that this testimony was admitted only for the purpose of impeaching the credibility of the defendant's driver and was to be considered only on that issue.

If this evidence was wholly collateral it should not have been allowed for impeaching purposes. However, we do not believe that this evidence was of that nature. Its exclusion on the first day of trial was primarily motivated by the fact that the testimony of driving in the center of the road was at a point too remote from the collision. We recognize that such distances are relative. Distances of 300 feet and 900 feet from the collision have been held sufficiently close to allow such corroborative testimony. Shellenberger v. Reading Transportation Company, 303 Pa. 122; 154 A. 297 (1931). However, at the time of recording the proffered testimony plaintiff's counsel also argued that it should be admissible on the width of the load, but the Court did not feel that this testimony was sufficiently definite at that time and maintained its ruling to exclude it.

After defendant's driver had testified in considerable detail as to the size and placement of the bales of hay on the body of the truck, both on direct and cross-examination, a considerable body of conflicting testimony had been gathered on this point, and the Court then allowed

the recorded testimony to be read to the jury as impeachment.

█ Our only question now is the propriety of this as impeaching testimony, and the test is relevancy. The width of the load, which could only be ascertained before the accident, since it was scattered in the collision, was in dispute. Defendant's driver testified to standard width of bales of hay, and their arrangement as piled on the truck. Other testimony, based on estimated measurements indicated that the bales of hay, so arranged, would extend over the platform. The witness in question was the only party, aside from defendant's driver, who had seen the truck so loaded shortly before the accident. It is presumed that the circumstances had not changed at the time of the accident.

██ The impeaching testimony was that this witness had been forced off the road, both by defendant's truck being across the center and by the size of the load. We cannot say that this testimony is so irrelevant as to compel its exclusion for impeachment purposes.

Evidence is admissible if it is competent for any purpose. The purpose of the offer was impeachment.

"If part of the testimony offered is admissible and part inadmissible, a general objection to it as a whole will not be sustained." 2 Henry, "Pennsylvania Evidence" Section 72, citing Fischer v. Anderson, 173 Pa. Super. 175, 96 A.2d 168 (1953).

█ Defendant's offer to produce a witness to corroborate defendant's driver by showing that at a point one and one-half mile away defendant's truck was being operated in a slow, careful manner entirely on its own side of the highway was refused. This was to rebut testimony which the jury was specifically instructed to consider only for the purpose of impeachment or credibility of defendant's driver. The issue here was not whether defendant's driver was on the right side of the road, which the offered testimony would have corroborated, but solely the defendant driver's credibility. Credibility, after it has been attacked is restored only by reputation evidence, by prior consistent statements, or by impeaching the impeaching witness. 4 Wigmore, Evidence (3rd Ed. 1940) § 1100 et seq.

█ Finally a drawing was made in the course of testimony by a police officer on which he sketched the road, the position of the vehicles, and measurements that he had taken. This was made on a large pad of paper which the Court uses in place of a blackboard because of better visibiliy, the use of various colored marking pencils, and because it can be preserved during the course of trial in the event other witnesses so desire to illustrate their testimony. The drawing was freehand, and not to scale. The Court explained its use to counsel stating that it would be marked as a trial exhibit and preserved for use during trial, but that he did not contemplate sending it out to the jury, since all of the marking thereon were merely notations of oral testimony given, and should only be kept to explain the recorded oral testimony. The court denied defendant's request, over plaintiff's objections, to send this to the jury room with the jury. This is largely a matter of discretion with the trial court. Quartz v. Pittsburgh, 340 Pa. 277, 16 A.2d 400 (1940). An exhibit which merely permits the jury to review again what amounts to a portion of the oral testimony should not be ordinarily sent out with the jury. Zank v. West Penn Power Co., 169 Pa.Super. 164, 82 A.2d 554. We see no grounds of error in this regard.

For the reasons set forth above, the Motion for a New Trial will be denied.